ALBERT PICK, *Plaintiff in Error*, v. HARRIETT B. ADAMS, joined by her husband, H. A. ADAMS, *Defendants in Error*.

Division A.

Opinion filed July 13, 1929.

*Thompson, Thompson & Youmans,* for Petitioner;

*W. F. Brown,* for Respondents.

ELLIS, J.—Mrs. Harriett B. Adams on July 30, 1925, agreed to purchase a lot of land in Miami Beach, Florida, and paid to P. D. Smith $2,500 on account of the purchase price. Smith wrote a receipt for the money and in the document described the property and set forth the terms upon which it would be sold if acceptable to the owner. The price of the property, as recited in the document acknowledging the receipt of the cash payment, was placed at $50,000. Receipt of $2500. was acknowledged and the balance to be paid as follows: $22,500. on August 17, 1925, and the remainder in 1, 2 and 3 years. The owner was required to furnish an abstract of title showing good marketable title "when the deed of conveyance is given and purchaser has completed his payments as above specified." It was also provided that if the purchaser should fail to comply with her part of the agreement "within *August* 17, 1925 days from date hereof" the deposit should be forfeited as liquidated damages and used for the "benefits of the party of the first part as rent." The paper writing contained a clause in the following words: "If the present owner does not approve of the terms of this contract, or other terms agreeable to both parties, or if he cannot furnish good title to the property, or if for any reason same cannot be delivered in a reasonable length of time, this deposit shall be returned to the purchaser. By P. D. Smith." The deposit of $2500. was for an option to purchase and if accepted by the owner was

to be applied on the purchase price. Mrs. Adams signed the paper as purchaser and two persons, Albert Pick and W. G. Keely, signed their approval of the sale as owners.

Mrs. Adams joined by her husband brought an action against Albert Pick in the Civil Court of Record for Dade County. The first count of the amended declaration contains merely a recital of the transaction in which it is alleged that Pick was the owner of the property, listed it with Smith to find a purchaser, and he induced Mrs. Adams to sign the instrument which she alleges was an offer to purchase; that she paid $2500. by check payable to Smith who indorsed it to T. J. Walsh who was agent for Pick and that Walsh indorsed the check and paid the proceeds to Pick. It is alleged that Walsh was not authorized to sell the land or bind his principal; that the plaintiff has never had a copy of the instrument, but that it provided that Pick "would deliver to plaintiff on or before said 18th day of August, A. D. 1925, an abstract showing good and marketable title to said property."

It is also alleged that Smith promised to return to the plaintiff a "copy of said instrument when it was signed by said Albert Pick, and plaintiff has never seen it since nor any copy of it." It is alleged that the plaintiff does not know whether Pick approved the offer or signed the instrument but that "neither it nor any copy was ever delivered" to her by "defendant or any one acting for him" or to any one for her, nor has she ever been notified of Pick's approval or acceptance of the offer, nor has the defendant tendered or delivered to her an abstract of the title to the property. By reason of such "facts and circumstances set out aforesaid" the plaintiff claims that the defendant is indebted to her in the sum of $2500. with interest and she claims damages in that sum. Such is the first count of the declaration so-called.

The second, third, fourth and fifth counts likewise follow no rule of pleading known to the practice of this State. They are as follows:

"II.

"And in a like sum for money lent by the Plaintiff to the defendant.

"III.

"And in a like sum for money paid by the plaintiff for the defendant at his request.

"IV.

"And in a like sum for money received by the defendant for the use of the plaintiff.

"V.

"And in a like sum for money found to be due from the defendant to the plaintiff on accounts stated between them.

"Wherefore plaintiff sues and claims damages in the sum of $3500."

The paragraphs numbered II. to V. inclusive follow no known form at common law for stating a cause of action and ignore the requirements of the statute if the statutory form was intended to be used. See Sec. 2648 Rev. Gen. Stats. 1920, (Sec. 4314 C. G. L. 1927).

The first paragraph, which has several subdivisions, states no cause of action. It begins with the words "Defendants was indebted to plaintiff at and before the time of the beginning of this suit in the sum of Twenty-five Hundred ($2500.00). Dollars with interest thereon from July 30, 1925, for that heretofore" etc. The paragraph then proceeds with a statement of facts which shows no

such indebtedness to be due. That paper was filed April 16, 1926.

On May 24, 1926, an "amendment to amended declaration" was filed. The amendment was a repetition of the so-called first count except in the matters hereafter mentioned and was numbered VI. The changes were as follows: the word "defendant" was substituted for the word "defendants" on the first line; the word "deed" was substituted for the word "deal" appearing in the second paragraph. So that the sentence reads in part "closing of said deed" instead of "closing of said deal"; inserting the word "ever" in the last paragraph so that the sentence reads in part: "acting for him *ever* tendered"; and the insertion in the last paragraph of the following sentence:

"Said instrument was never signed by plaintiff's husband, said H. A. Adams, and her said husband did not join therein, and plaintiff took no title thereunder and has and holds no interest, right or title in or to said property, which she can return to the defendant."

And damages were laid at $3,500. instead of $2,500.
The defendant pleaded as follows:
"1. That he was indebted as alleged.
"2. That he did not promise as alleged."

The third plea, if it may be termed such, was apparently addressed to the first and sixth counts of the amended declaration as amended. It consists of two pages of admissions and denials. The "plea and answer," as it is called, admits that Smith was defendant's agent and that he received the check. The remainder of it consists of denials and averments. Among the latter are the following: that defendant advised plaintiff that the abstract was ready to be delivered but that she stated that it was not

worth while to deliver it as she did not have the money to consummate the sale; that she refused to comply with the agreement and the defendant was ready, willing and able at all times to comply with the contract in every manner.

The point is made in the plea that the plaintiff's action is in effect an attempt to rescind the contract and that the Civil Court of Record has no jurisdiction of such matter. The defendant asked for a continuance of the case but the motion was overruled and the parties went to trial, which resulted in a verdict for the plaintiff in the sum of $2500. "with interest thereon from July 30, 1925, at 8% per annum."

Judgment was entered for plaintiff and defendant took a writ of error from the Circuit Court which affirmed the judgment of the Civil Court of Record. Thereupon the defendant applied to this Court for a writ of certiorari.

In proceedings of this character the ultimate adjudication is to quash the judgment complained of or to quash the writ of certiorari. First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. R. 618.

Whatever the evidence may show the plaintiff, if she recovers at all, must recover upon the case made by her declaration. Parrish v. Pensacola & Atl. Ry Co., 28 Fla. 251, 9 So. R. 696; Walsh v. Western Ry. Co. of Fla., 34 Fla. 1, 15 So. R. 686; Hinote v. Brigman & Crutchfield, 44 Fla. 589, 33 So. R. 303; A. C. L. Ry. Co. v. Crosby, 53 Fla. 400, 43 So. R. 318; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. R. 552.

The action, if any at all exists in favor of the plaintiff, must rest upon some express or implied promise of the defendant to pay the debt alleged to be due or a breach of a contract by him resulting in damages to the defendant. Nothing of that kind may with the smallest degree of

certainty be extracted from the allegations of the declaration. The payment of the money to Pick by the plaintiff for an option to purchase constituted no cause of action in her favor nor did her failure to obtain a copy of the contract create any obligation upon him to refund the money. The evidence introduced can hardly be deemed to sustain an action for breach of a contract on defendant's part and certainly not sufficient to support common counts for money lent to the defendant or money paid at his request or received by him for the plaintiff's use nor account stated, even if the declaration made such a case.

The obvious failure to observe the essential requirements of law in this case from the declaration to the judgment impels this Court to quash the judgment of the Circuit Court. So ordered.

TERRELL, C. J., and BROWN, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.