S. McL. ESTES, *Plaintiff in Error*, v. GEORGE A. MANWARREN, *Defendant in Error*.

En Banc.

Opinion filed September 5, 1930.

*Kay, Adams, Ragland & Kurz,* for Plaintiff in Error;

*Kelly & Casler,* for Defendant in Error.

MATHEWS, Commissioner:

This is an action in assumpsit, instituted by George A. Manwarren, defendant in error, against S. McL. Estes, upon the common counts for money had and received. Defendant pleads the general issue. The testimony shows that plaintiff paid over to defendant the sum of $5,000.00 sued for. There is conflict in the evidence as to the agreement had between the parties at the time of paying over this money. Testimony of the plaintiff is in substance that as one of a syndicate which was being formed to take up a contract for purchase of certain lands, he paid to defendant $5,000.00; that defendant Estes was to hold the money until the others paid their share; and that the syndicate was not formed, whereupon plaintiff demanded return of the money paid and payment was refused.

The defendant testified in substance that he was one of four owners of certain lands at Fort Meade; that Taylor and associates held a contract for purchase of said lands, requiring certain payments to be made; that plaintiff upon paying said amount of $5,000.00 stated he was one of the associates of Taylor, and that he was making payment to apply upon the purchase price of the property.

After all the evidence of the parties had been submitted, the court directed a verdict for the plaintiff for the sum of $5,000.00 sued for.

The court should not direct a verdict for one party unless the evidence is such that no view which the jury may law-

fully take of it favorable to the other party can be sustained. Johnson v. L. & N. R. Co., 59 Fla. 305, 52 So. R. 195; Section 4363 (2696) Comp. Gen. Laws of Florida, 1927.

This case presented a question of fact which, on account of the conflict in the evidence, should have been passed upon by the jury.

The judgment is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed.

TERRELL, C. J., and WHITFIELD, STRUM and BUFORD, J. J., concur.