N. M. ULSCH, *Petitioner,* vs. MOUNTAIN CITY MILL COMPANY, a corporation, *Respondent.*

138 So. 483.

140 So. 218.

Division B.

Opinion filed December 21, 1931.

Petition for rehearing denied March 10, 1932.

*Lloyd Z. Morgan* and *Wm. D. Morgan,* of Jacksonville, for Petitioner;

*McCollum & Howell,* of Jacksonville, for Respondent.

DAVIS, J.—This is a proceeding in certiorari to the Circuit Court of Duval County seeking to quash the appellate judgment of that court which reversed a judgment rendered by the Civil Court of Record of Duval County, Florida, and remanded the cause with directions to the lower court to enter a judgment for the opposite party.

When a judgment is obtained in a Civil Court of Record

and on appeal to the Circuit Court the judgment is reversed and the cause is remanded with directions to enter a judgment final in accordance with the mandate, and not for further proceedings in the lower court, such an adjudication by the Circuit Court is a final one for the disposition of the cause, leaving nothing to be done by the trial court except to render the particular judgment directed. Accordingly a writ of certiorari will lie to such an adjudication of the Circuit Court made in the exercise of its appellate jurisdiction over inferior courts. Hartford Accident & Industrial Ins. Co. vs. Thomasville, 100 Fla. 738, 130 Sou. Rep. 7; Waddell v. McAllister, 97 Fla. 1054, 122 Sou. Rep. 578.

The ultimate adjudication here is to quash the judgment or the writ of certiorari after it has been issued. Pick v. Adams, 98 Fla. 140, 123 Sou. Rep. 547.

It is well established by the prior decisions of this Court that upon certiorari we cannot quash an appellate judgment of the Circuit Court unless it appears from the record that the Circuit Court in the exercise of its appellate jurisdiction has exceeded its jurisdiction or did not proceed according to the essential requirements of the law or violated established principles of law, or that the judgment of the Circuit Court reversing the Civil Court of Record is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioner, or that the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law which have resulted in prejudice and material harm to the petitioner. Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am. St. Rep. 214; First Nat'l Bank v. Gibbs, 78 Fla. 118, 82 Sou. Rep. 618; State v. Live Oak P. & G. R. Co., 70 Fla. 564, 70 Sou. Rep. 550; American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 Sou. Rep. 740; Malone v. Quincy, 66 Fla. 52, 62 Sou. Rep. 922, Ann. Cas. 1916D 208; Brinson v. Tharin, 99 Fla. 696, 127 Sou. Rep. 313;

In re: Edwards, 100 Fla. 989, 130 Sou. Rep. 615; Harrison v. Frink, 75 Fla. 22, 77 Sou. Rep. 663; Security Finance Co. v. Gardner, 94 Fla. 549, 114 Sou. Rep. 232.

In this case the petitioner was plaintiff and the respondent here was defendant in the Civil Court of Record. There was an order by the judge of the Civil Court of Record denying the respondent's motion for an instructed verdict at the close of petitioner's testimony. A motion for an instructed verdict for plaintiff was granted.

The respondent appealed to the Circuit Court of Duval County where the order and judgment of the Civil Court of Record was reversed and the cause remanded to the lower court with instructions to said court to vacate its judgment in favor of the plaintiff and render judgment for the defendant. The judgment of reversal recited the reason that "it appears that the said plaintiff was under no legal obligation to make the payment for which he sued the defendant and that such payment was a voluntary one on his part", in consequence of which no recovery should be allowed

In the Civil Court of Record the cause proceeded to trial upon the first count of an amended declaration which set up as a basis for recovery that in consideration that the plaintiff would enter into the service of the defendant, Mountain City Mill Company, as defendant's salesman, the defendant promised and agreed to keep plaintiff's car in repair and to pay for the repairs and upkeep on said car, together with the sum of $30.00 a week while in defendant's employment; that plaintiff entered the service of the defendant and served as a salesman in strict compliance with the contract and that defendant paid plaintiff the $30.00 a week for his services, but did not, in compliance with his contract, pay for certain repair work done on plaintiff's car to the amount of $149.35; that in consequence thereof plaintiff claimed a recovery of said $149.35 from the defendant. Certain of the common counts were

also included in the declaration to which the defendant filed two pleas, the first of which went out on demurrer, but the second of which the court refused to strike and also overruled a demurrer seeking to have this plea held bad in substance.

No other pleas appear to have been filed and the cause was tried on the basis of the special count in the declaration, together with the common counts to all of which the second plea stood as an answer.

Said second plea was as follows:

"And, for a plea on equitable grounds, the defendant says:

2. That the several causes of action alleged in the several counts of the said declaration are not different causes of action but are one and the same cause of action, to-wit, the cause of action alleged in the first count of the said declaration; that said declaration was filed herein on, to-wit, February 23, 1924, and on, to-wit, March 3, 1924, the defendant filed herein its demurrer to said declaration, its motion for compulsory amendment thereof, and its motion for a bill of particulars thereto; that from thence until, to-wit, the 28th day of November, 1929, no action, step or proceeding was done, taken, or had herein by the plaintiff or attempted to be done, taken, or had by him, and that during the period of 5 years, 8 months, and 25 days the plaintiff suffered and permitted this action to lie in abeyance and wholly failed and omitted to prosecute the same; that at the time of the alleged making by the defendant of the promises declared on in the said declaration, to-wit, July 5, 1923, and at the time of the alleged accrual of the several causes of action herein alleged, one W. A. Logan was the manager of the defendant at the office and place of business of the defendant at Jacksonville, in Duval County, Florida, at which office and place of business the defendant's alleged agreement, if made at all, was made by the said W. A. Logan and by no other person, and that no other person, now or at any time heretofore in the employment of this defendant, has, or has ever had, any personal knowledge or information of any of the facts alleged or referred

to in the plaintiff's said declaration; that the said W. A. Logan left the defendant's service and employment in the latter part of the year 1923, and has not since been, and is not now, in the service or employ of this defendant and is not within the State of Florida, and that his whereabouts, residence, post-office address, and place of business are each unknown to the defendant; that at the time of the institution of this cause the defendant was informed by the said W. A. Logan, and therefrom believed, and now believes, and upon such information and belief alleges, that there is no merit to the plaintiff's claim alleged in his said declaration, that the defendant never promised as therein alleged, that the defendant never was indebted as therein alleged, and that the therein alleged costs of upkeep and repairs of the plaintiff's automobile were not incurred or paid by the plaintiff in the course of his alleged employment by the defendant; that the defendant knows of no other person from whom, and knows of no other source from which, besides the said W. A. Logan, it can or could establish the truth of the information so given by the said W. A. Logan, as aforesaid, in relation to the plaintiff's alleged causes of action.

Wherefore, the defendant says that, by the plaintiff's aforesaid delay in the prosecution of this suit, the defendant has, without its own fault or negligence, been deprived of a defense to the cause of action alleged by the plaintiff; that it would be and is therefore inequitable and unjust to permit the plaintiff to further proceed with this action; and that by reason of the premises the plaintiff is estopped to further maintain his said action.''

After the demurrer was overruled plaintiff joined issue upon the foregoing plea and the cause proceeded to trial with the result that a directed verdict was entered in favor of the plaintiff. It is contended here that the plea was not sufficiently supported as an equitable plea and there being no other pleas in answer to the special count and the common counts that judgment should have been rendered for the plaintiff, because there was nothing to deny the cause of action upon which plaintiff based his suit.

The theory of petitioner in arguing the case in this court

is also that the judgment should be quashed because the record on appeal upon which the case was heard by the Circuit Court did not present by way of a proper defensive pleading any such issue as that upon which the judgment of the Civil Court of Record was reversed by the Circuit Judge.

A Circuit Court's judgment affirming or reversing a judgment of the Civil Court of Record may be quashed on certiorari only in a case when considered with reference to the pleadings and record in the Civil Court of Record it is not in accordance with the essential requirements of law State v. Live Oak & G. R. R. Co., 70 Fla. 564, 70 Sou. Rep. 550. In considering such a judgment of the Circuit Court upon certiorari from this Court, the Court is not permitted to review the correctness of the Circuit Judge's ruling on the merits of the case as disclosed by the evidence in a bill of exceptions, it being exclusively the province of the Circuit Court to review the judgment upon its merits and to determine whether or not the verdict was contrary to the law and the evidence.

In this case the respondent contends that while the only plea upon which the trial was had was a so-called equitable plea, that an examination of such so-called equitable plea upon which issue was joined shows that the substance of the plea does in effect deny and put into issue each and every basic legal fact upon which a recovery for the plaintiff would have to be predicated, including the question of whether or not there was ever incurred any liability upon the part of defendant to pay the account sued for.

The Circuit Judge in considering the case on appeal, appears to have so regarded the plea. After examining the record, including the bill of exceptions, showing the testimony in the cause, said Circuit Judge made his findings to the effect that "the lower court erred in over-ruling defendant's motion for a new trial, in rendering judgment for the appellee, plaintiff in the court below, in instructing

a verdict for the said plaintiff and in denying motion for instructed verdict for the defendant in the court below; and that from the undisputed evidence in this case it appears that the said plaintiff was under no legal liability to make the payment for which he has sued the said defendant and that such payment was a voluntary one upon his part.'' Having so found, the Circuit Judge ordered that the judgment for plaintiff be reversed and that a judgment for the defendant be entered instead.

If, as contended by the respondent, it appears from the record that the right of plaintiff to recover under his declaration was legally put at issue by the sole plea upon which the cause was tried informal and defective though such plea might have been (Curry v. Wright, 101 Fla. 1489, 134 Sou. Rep. 508, 136 Sou. Rep. 643), we would not be at liberty, under the limited scope of review which we are permitted to exercise on a writ of certiorari, to quash the judgment if there is any substantial evidence whatsoever to support the finding of the Circuit Judge to the effect that from the ''undisputed'' evidence in this case it appears that the plaintiff was under no legal obligation to make the payment for which he sought recovery in this action. It is exclusively the province of the Circuit Court to reverse a judgment of the Civil Court of Record upon its merits and to determine whether or not the verdict rendered in the Civil Court of Record is contrary to the law and the evidence as disclosed by a bill of exceptions.

But in this case there was a plea which was interposed solely as an equitable plea and which did not contain, nor can it be considered, as, a legal defense. Whatever issue this plea made as to the liability of the plaintiff under the evidence on the undertaking sued .on which formed the basis of the recovery sought was incidental only to an attempted defense upon *equitable* grounds. Under an *equitable* plea the defendant is only permitted to plead by such plea, or subsequent pleadings, such facts as would in

equity entitle the defendant to relief from a judgment for the plaintiff if such judgment should be obtained in the suit at law. See Section 4301 C. G. L., 2635 R. G. S.; Garrett v. Phillips, 101 Fla. 426, 134 Sou. Rep. 231. An equitable plea of the character permitted to be filed in actions at law under our statute is essentially a plea in confession and avoidance inasmuch as it must of necessity admit that plaintiff has a case upon which he would be entitled to a judgment *at law* in the legal proceeding, but which judgment, because of other facts set up in the plea, would nevertheless be such a judgment that a court of equity would grant relief from it as against the plaintiff after he obtained it.

The majority of the court are of the opinion that while it was exclusively the province of the Circuit Court to review the judgment upon its merits and to determine whether or not the verdict was contrary to the law or the evidence that the procedure on appeal was not according to the essential requirements of the law, because the record on appeal, upon which the case was heard and the judgment reversed by the Circuit Court, did not present, by way of a proper pleading, any legal issue as to the right of the plaintiff to recover upon the cause of action sued on, and that therefore the judgment of the Civil Court of Record which was reversed by the Circuit Judge as being contrary to the undisputed evidence in the case should stand, the equitable plea not having been sustained by a preponderance of the evidence in favor of the defendant.

It follows that the only order that we can enter here is an order quashing the judgment of the Circuit Court which reversed the judgment of the Civil Court of Record and remanded the cause with directions to enter judgment in favor of the defendant. The Circuit Judge should have entered a judgment affirming the judgment of the Civil Court of Record and its failure to do so constitutes a departure from the essential requirements of law which this

Court has jurisdiction to correct by means of the writ of certiorari which has been issued.

Judgment of the Circuit Court reversing judgment of Civil Court of Record of Duval County quashed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

### ON REHEARING.

PER CURIAM.—In this case the judgment of the Circuit Court reversing a judgment of the Civil Court of Record and directing the Civil Court of Record to enter judgment for the opposite party, was quashed. See Ulsch v. Mountain City Mill Company, opinion filed December 21, 1931.

By petition for rehearing we are asked to make an order to the effect that if this Court should still be of the opinion that the judgment of the Circuit Court should be quashed, then in that event, the judgment of this Court should be enlarged by directing the Circuit Court to order a new trial in said cause, with privilege to file in the Civil Court of Record a plea to the merits, in order to prevent a palpable miscarriage of justice.

By direction of the Court, counsel have filed briefs on the question: "Whether the Supreme Court has authority to do more on certiorari than quash the judgment, that is, to direct the Circuit Court to grant a new trial or permit other pleadings?" That is the question we are now called on to decide.

Our conclusion is, that on certiorari we have no authority to do more than, either quash the writ of certiorari, or quash the judgment brought here by that writ. Benton v. State, 74 Fla. 30, 76 Sou. Rep. 341; American Ry. Express Co. vs. Weatherford, 86 Fla. 626, 98 Sou. Rep. 820; Basnet vs. Jacksonville, 18 Fla. 523.

But when a judgment is quashed here on writ of cer-

tiorari, that cause is again remitted to the consideration and determination of the Court whose judgment has been set aside. It is consequently within the power of that Court to render another judgment not in conflict with the holding of the Supreme Court or other Court exercising powers pursuant to the writ of certiorari granted.

In the case at bar, the Circuit Court whose judgment of reversal has been quashed, is now at full liberty to render any judgment warranted by the record on appeal from the Civil Court of Record, provided the same be not in conflict with the law of the case as necessarily determined by the proceeding already had in this Court.

We have no authority to direct what the judgment of the Circuit Court shall be. We simply quash the judgment heretofore rendered by that Court, for the reasons pointed out in our opinion, leaving it to the Circuit Court to render such new judgment as may be according to law and justice, and not in conflict with what we have heretofore decided. We are unable to give directions concerning what judgment the Circuit Court shall enter, or to grant the respondent's petition in respect thereto.

Such petition should be presented to the Circuit Court as a Court of primary appellate jurisdiction, and that Court will then have such authority to make disposition of it as may be warranted by the record and the law of the case as decided here, notwithstanding the fact that we have already quashed the previous judgment which unconditionally reversed the judgment of the Civil Court of Record and gave it directions to enter a particular judgment for the opposite party.

Upon writ of certiorari, we neither affirm nor reverse the judgment, nor try the case upon its merits. We must either quash the proceedings of the Judge or the Circuit Court or quash the writ which brings it here. Basnet vs. Jacksonville, *supra*.

Rehearing denied and motion of respondents to give directions refused.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.