N. M. ULSCH, *Petitioner*, vs. MOUNTAIN CITY MILL COMPANY, a corporation, *Respondent*.

140 So. 218.

Division B.

Opinion filed March 10, 1932.

*Lloyd Z. Morgan* and *William D. Morgan,* for Petitioner; *McCollum & Howell,* for Respondent.

PER CURIAM.—In this case the judgment of the Circuit Court reversing a judgment of the Civil Court of Record and directing the Civil Court of Record to enter judgment for the opposite party, was quashed. See Ulsch v. Mountain City Mill Company, opinion filed December 21, 1931, not yet reported.

By petition for rehearing we are asked to make an order to the effect that if this Court should still be of the opinion that the judgment of the Circuit Court should be quashed, then in that event, the judgment of this Court should be enlarged by directing the Circuit Court to order a new trial in said cause, with privilege to file in the Civil Court of Record a plea to the merits, in order to prevent a palpable miscarriage of justice.

By direction of the Court, counsel have filed briefs on the question: ''Whether the Supreme Court has authority to do more on certiorari than quash the judgment, that is, to direct the Circuit Court to grant a new trial or permit other pleadings?'' That is the question we are now called on to decide.

Our conclusion is, that on certiorari we have no au-

thority to do more than, either quash the writ of cer-
tiorari, or quash the judgment brought here by that
writ. Benton v. State, 74 Fla. 30, 76 Sou. Rep. 341;
American Ry. Express Co. vs. Weatherford, 86 Fla. 626,
98 Sou. Rep. 820; Basnet vs. Jacksonville; 18 Fla. 523.

But when a judgment is quashed here on writ of cer-
tiorari, that cause is again remitted to the consideration
and determination of the Court whose judgment has been
set aside. It is consequently within the power of that
Court to render another judgment not in conflict with
the holding of the Supreme Court or other Court exer-
cising powers pursuant to the writ of certiorari granted.

In the case at bar, the Circuit Court whose judgment
of reversal has been quashed, is now at full liberty to
render any judgment warranted by the record on appeal
from the Civil Court of Record, provided the same be not
in conflict with the law of the case as necessarily de-
termined by the proceeding already had in this Court.

We have no authority to direct what the judgment
of the Circuit Court shall be. We simply quash the judg-
ment heretofore rendered by that Court, for the reasons
pointed out in our opinion, leaving it to the Circuit
Court to render such new judgment as may be according
to law and justice, and not in conflict with what we have
heretofore decided. We are unable to give directions
concerning what judgment the Circuit Court shall enter,
or to grant the respondent's petition in respect thereto.

Such petition should be presented to the Circuit Court
as a Court of primary appellate jurisdiction, and that
Court will then have such authority to make disposition
of it as may be warranted by the record and the law of
the case as decided here, notwithstanding the fact that
we have already quashed the previous judgment which
unconditionally reversed the judgment of the Civil Court

of Record and gave it directions to enter a particular judgment for the opposite party.

Upon writ of certiorari, we neither affirm nor reverse the judgment, nor try the case upon its merits. We must either quash the proceedings of the Judge of the Circuit Court or quash the writ which brings it here. Basnet vs. Jacksonville, *supra.*

Rehearing denied and motion of respondents to give directions refused.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.