J. BENSON, *Appellant,* vs. BUDLEY MARTIN and wife, ALLIE MARTIN, *Appellees.*

141 So. 130.

En Banc.

Opinion filed April 19, 1932.

Petition for rehearing denied May 31, 1932.

*Treadwell & Treadwell,* for Appellant;
*Leitner & Leitner,* for Appellees.

PER CURIAM.—This appeal is from a decree for specific performance and incidental relief by injunction.

It appears that Benson owned a home in Arcadia and the Martins had a home in the country which had not been fully paid for, a deed of conveyance therefor from Keen being in escrow. The parties verbally agreed to exchange their homes, Benson agreeing to pay Keen a balance due on the Martin home, abstracts of title to be mutually furnished. Each party took possession of the other's home. There was delay in clearing the title to the Martin home. Pending which Benson without paying the balance due on the Martin home declined to complete the exchange of titles to the homes. The Martin home was thereafter conveyed to third persons. The Martins here seek an enforced execution to them of a deed of conveyance to the Benson home, and incidental relief.

If the particular agreement to exchange homestead real estate be enforceable and Benson was not justified in refusing to complete the agreed exchange because of the delay in perfecting the title to the Martin home, the conveyance of the Martin home to others makes the agreement to exchange impossible of complete execution and the Martins are not entitled to specific performance when Benson cannot also have it, the agreement to exchange homes being an entirety.

Reversed.

BUFORD, C.J., AND ELLIS, TERRELL AND BROWN, J.J., concur.

Davis, J., dissents.

Davis, J. (dissenting).—The parties entered into a verbal contract to exchange properties in which each of them had an interest. The contract was partially executed. There was nothing left to be done but to make deeds to the properties, since possession was taken by each of them at the time of the agreement for exchange. Benson owned a city home; the Martins owned a country home. The Benson home was paid for. The Martins' country place was paid for with the exception of $350.00 balance which Benson assumed and agreed to pay. When each of the parties delivered *possession* to the other under this trade, Benson stepped into the Martins' shoes and the Martins stepped into Benson's shoes. To that extent the trade was as fully executed as if actual deeds had been made and exchanged, and the purpose of the suit, while called one for specific performance of a contract to convey, was in reality not a suit to compel the exchange (because that had already been made) but was a suit to compel Benson to perform his obligation to give to the Martins *evidence* (in the form of a deed of conveyance) showing that exchange, and to prevent Benson from prosecuting suits at law to interfere with the possession of the Martins.

This is not in reality a suit for specific performance of a mere contract to convey land, because the conveyance has already to all intents and purposes *in equity* been made by the exchange of possession. But even in a suit for specific performance of a *contract* to convey land, mutuality of remedy in equity at the time the suit is filed, is all that is required. Vance vs. Roberts, 96 Fla. 379, 118 Sou. Rep. 205, Clark vs. Andrew, 11 Fed. (2nd) 958. That required mutuality has been satisfied in the present case, where it appears that the Martins, in possession, demand that Benson give them evidence of their title in the form of title deeds, and that Benson has prior to suit expressly aban-

doned his right to a deed, by refusal to pay the $350.00 in order to obtain it from the party who held title, Benson having expressly assumed and agreed to pay this $350.00 balance, thereby making it his debt. The Chancellor so held, and my opinion coincides with his.

When two landowners so far execute a contract to convey land as to actually exchange possession of the parcels as to which each is to become the owner, and all that remains to be done to completely and finally discharge the whole contract, is to exchange title deeds as well as possession, it cannot be successfully argued that one party in possession under such an arrangement, cannot have his equitable remedy against the other party to compel him to complete the transaction by making the title deeds, on the theory that mutuality of remedy is lacking, where the complainant shows that he has done all that he agreed to do and that defendant has refused to go forward.

Title deeds are mere evidences of the conveyance, which is good *inter partes,* regardless of whether title deeds are ever made at all. Ins. Co. v. Erickson, 50 Fla. 419, 39 So. 495, 7 Ann. Cas. 495; Phenix Ins. Co. vs. Hilliard, 59 Fla. 590, 52 So. 799, 138 Am. St. Rep. 171. The foregoing cases hold that an unconditional and unqualified *agreement* to convey, constitutes the intended grantee the unconditional owner. Certainly such an agreement actually executed by the seizen and possession of the property under it, can have no less effect than an executory contract made in binding form. In such case the execution of the agreement, whatever may be its form, should be regarded as the equivalent of a conveyance *in equity,* and the execution of title deeds to evidence it, is but the putting in record form what the law has already said is an accomplished fact *inter partes.*

At any rate, the injunction granted below was proper, and even if specific execution of a deed is denied, the injunction should stand to protect the equitable rights of the appellees.