THE STATE OF FLORIDA, ex rel. N. M. ULSCH, *Relator*, vs. GEORGE COUPER GIBBS, Circuit Judge, *Respondent*.

143 So. 772.

Division B.

Opinion filed October 5, 1932.

Petition for rehearing denied October 25, 1932.

*Lloyd Z. Morgan* and *William D. Morgan*, for Relator; *Charles Cook Howell* and *Samuel Kassewitz*, for Respondent.

WHITFIELD, P.J.—N. M. Ulsch brought an action in the civil court of record of Duval County against the Mountain City Mill Company for an alleged indebtedness to plaintiff, the declaration containing a special count and common counts. Trial was had on a plea on equitable grounds. Both parties moved for a directed verdict. The court directed a verdict for the plaintiff and rendered judgment thereon, and denied a motion of defendant for new trial. On appeal the circuit court on February 27, 1931, reversed the judgment for the plaintiff with instructions to the civil court of record "to vacate its said judgment appealed from, and to vacate and set aside the verdict of the jury herein, and its order granting said

plaintiff's motion for an instructed verdict and denying the defendant's motion for said instructed verdict and to enter judgment for the defendant." This court granted a writ of certiorari, and upon hearing and consideration held that the record in the cause did not present any legal issue to be determined and that the equitable plea was not sustained by a preponderance of the evidence; and adjudicated that the "judgment of the circuit court reversing judgment of civil court of record, Duval County, be quashed." Ulsch vs. Mountain City Mill Co., 103 Fla. 932, 138 So. 483, 486. A petition was filed here asking that a rehearing be granted and that if the judgment of the circuit court is quashed, that the judgment of this court quashing the judgment of the circuit court which reversed the judgment of the civil court of record, "be enlarged by directing the circuit court to order a new trial in said cause and granting to the defendant the privilege to file in said cause a plea to the merits, this to prevent a palpable miscarriage of justice." On consideration this court entered an order thus: "Rehearing denied and motion of respondent to give directions refused." Ulsch v. Mountain City Mill Company, 104 Fla. 418, 140 So. 218-219. The mandate issued by this court is that "the said judgment of the circuit court which reversed the judgment of the civil court of record and remanded the cause with directions to enter judgment in favor of the defendant be and the same is hereby quashed." Under the statute a copy of the opinions of this court accompany its mandates. Sec. 4691 (2922) C. G. L.

In mandamus proceedings brought by Ulsch against the Circuit Judge it is made to appear that after the receipt of the mandate and accompanying opinions of this court, the Circuit Judge on April 11, 1932, rendered its judgment wherein it is "ordered and adjudged that the

judgment of the Civil Court of Record of Duval County, Florida, be, and the same is hereby reversed, and this cause is remanded to said lower court with instructions to said Court to vacate and set aside its judgment appealed from, and to vacate and set aside the verdict of the jury herein, and its order granting said plaintiff's motion for an instructed verdict, and its order denying the motion of the defendant below for a new trial in said cause and to enter an order in said cause granting to the defendant below a new trial in said cause. It further appearing to the Court from the two opinions handed down by the Supreme Court attached to the mandate in that certain cause lately therein pending wherein N. M. Ulsch was petitioner in certiorari and Mountain City Mill Company, a corporation, was Respondent, that the record on appeal in this cause does not present by way of proper pleading any legal issue as to the defense of the defendant below sought to be set up by way of special plea, it is, further ordered, adjudged and decreed by the Court that upon the remanding of this cause to the Civil Court of Record that said Court enter an order giving leave to the defendant below, Mountain City Mill Company, a corporation, to file in said cause and in said Court such plea or pleas, as advised, pursuant to and in accordance with law and the opinions handed down by the Supreme Court of Florida herein.''

The alternative writ of mandamus commands the Circuit Judge to set aside and vacate the judgment of the Circuit Court of April 11, 1932, which reversed the judgment of the Civil Court of Record, and directs the trial court ''to proceed to enter an order vacating and setting aside the order and judgment of the said Circuit Court made and entered under date of February 27th, A. D. 1931, and proceed to enter a judgment affirming the verdict and judgment of the Civil Court of Record therein

appealed from on the 10th day of July, A. D. 1930, in obedience to and in accordance with the opinion and mandate of this court;'' or to show cause for not doing so.

The respondent Circuit Judge moves to quash the alternative writ of mandamus upon grounds designed to show as a matter of law that the judgment rendered by the Circuit Judge complained of in the writ accords with the mandate and accompanying opinions of this Court in the certiorari proceedings. The motion to quash should be granted.

The first opinion on certiorari, Ulsch v. Mountain City Mill Company, 103 Fla. 932, 138 So. 483-486, contained statements that ''the judgment of the civil court of record which was reversed by the circuit court as being contrary to the undisputed evidence in the case, should stand, the equitable plea not having been sustained by a preponderance of the evidence in favor of the defendant;'' and that ''the Circuit Judge should have entered a judgment affirming the judgment of the civil court of record.'' The quoted statements were not necessary to a proper determination of the question presented in the certiorari proceedings, i. e., whether the judgment of the circuit court reversing the judgment of the civil court of record and directing the trial court to enter judgment for the defendant, should be quashed because it does not accord with the essential requirements of the law. The first opinion also stated that ''the record on appeal, upon which the case was heard and the judgment reversed by the circuit court, did not present by way of a proper pleading, any legal issue as to the right of the plaintiff to recover upon the cause of action sued on'' and that the judgment of the trial court should stand, as the equitable plea was not sustained. This court did not hold that the circuit court could not *properly*

reverse the judgment *for a new trial* for error of law in the trial court, Beuttell v. Magone, 157 U. S. 154, but this court did hold that the judgment of the circuit court reversing the judgment of the trial court with directions *"to enter judgment for the defendant,"* should be quashed. When a judgment at law is reversed for a new trial, further pleadings may ordinarily be allowed unless otherwise directed by the appellate court. Webb Furniture Co., Inc. vs. Everett, 141 So. 115.

However, the opinion on application for rehearing, Ulsch v. Mountain City Mill Co., 104 Fla. 418, 140 So. 218-219, contains the following:

"When a judgment is quashed here on writ of certiorari, that cause is again remitted to the consideration and determination of the court whose judgment has been set aside. It is consequently within the power of that court to render another judgment not in conflict with the holding of the Supreme Court or other court exercising powers pursuant to the writ of certiorari granted."

"In the case at bar, the circuit court, whose judgment of reversal has been quashed, is now at full liberty to render any judgment warranted by the record on appeal from the civil court of record, provided the same be not in conflict with the law of the case as necessarily determined by the proceeding already had in this court."

"We have no authority to direct what the judgment of the circuit court shall be. We simply quash the judgment heretofore rendered by that court, for the reasons pointed out in our opinion, leaving it to the circuit court to render such new judgment as may be according to law and justice, and not in conflict with what we have heretofore decided."

The latter opinion also contains a statement that:

"the circuit court has authority to enter a proper judgment notwithstanding the fact that we may have already quashed the previous judgment which unconditionally reversed the judgment of the civil court of

record and gave it directions to enter a particular judgment for the opposite party.''

The pronouncements of the opinion on application for rehearing necessarily modified the former opinion. If the first opinion may be construed to hold that the Circuit Judge upon receipt of the mandate of this Court, should affirm the judgment of the civil court of record, even though a proper application be duly made for direction or permission for the trial judge to let proper pleas be filed and a new trial be had in due course, such construction of the first opinion is not tenable in view of the opinion on application for rehearing and the terms of the mandate as issued. The mandate from this Court does not require the Circuit Judge to direct the trial court to render a judgment for the defendant. The mandate shows that this court merely quashed ''the judgment of the circuit court which reversed the judgment of the civil court of record and remanded the cause with directions to enter judgment in favor of the defendant.''

As to proper *appellate* action when each party moves in the trial court for a directed verdict in its favor, see Beittell v. Magone, 157 U. S. 154; Empire State Cattle Co. v. Atchison Ry. Co., 220 U. S. 497; Am. Nat'l Bank v. Miller, 229 U. S. 517, 520; Williams v. Freeland, 250 U. S. 295. See also Slocum v. New York Life Ins. Co., 228 U. S. 364.

As stated in the opinion on application for rehearing in the certiorari proceeding, this Court merely quashed the judgment rendered by the Circuit Court on appeal from the Civil Court of Record, ''leaving it to the circuit court to render such new judgment as may be according to law and justice, and not in conflict with what we have heretofore decided.'' If the judgment rendered by the Circuit Judge April 11, 1932, accords with law and justice, the statements quoted from the first opinion

in certiorari do not make such judgment rendered by the Circuit Judge "conflict with what we have heretofore decided," because the quoted statements from the first opinion were qualified by the opinion on application for rehearing in the certiorari proceedings.

The motion to quash the alternative writ is granted.

TERRELL AND BROWN, J.J., concur.

BUFORD, C.J., AND DAVIS, J., dissent.

ELLIS, J., not participating.

BUFORD, C.J. (Dissenting).—The law of this case was settled by the opinion and judgment of this court in Ulsch v. Mountain City Mill Co., filed December 21st, 1931, 138 South. Rep. 483, in which it was held:

"A circuit court's judgment affirming or reversing a judgment of the civil court of record may be quashed on certiorari only in a case when, considered with reference to the pleadings and record in the civil court of record, it is not in accordance with the essential requirements of law."

"An equitable plea of the character permitted to be filed in actions at law under our statute is essentially a plea in confession and avoidance inasmuch as it must, of necessity, admit that plaintiff has a case upon which he would be entitled to a judgment at law in the legal proceeding, but which judgment, because of other facts set up in the plea, would nevertheless be such a judgment that a court of equity would grant relief from it as against the plaintiff after he obtained it."

"In a case tried in the civil court of record of Duval County, the record on appeal, upon which the case was heard and the judgment rendered by the circuit court, did not present, by way of appropriate pleading, any legal issue as to the right of plaintiff to recover upon the cause of action sued on, the only pleading by the defendant being an equitable plea which was not established by the preponderance of the evidence in favor of the plea; held: That judgment by the circuit court reversing plaintiff's judgment in the civil court of record, on the ground that the undisputed evidence did

not sustain plaintiff's alleged cause of action, was not according to the essential requirements of law, and should be quashed on certiorari."

No reversible error was made to appear by the record of the proceedings and judgment presented for review in the Circuit Court, and therefore the essential requirements of law demanded the affirmance by the Circuit Court of the judgment of the Civil Court of Record and the judgment of the Circuit Court reversing the judgment of the Civil Court of Record constituted a departure from the essential requirements of the law.

Any judgment of reversal by the Circuit Court would be in conflict with the law of the case as stated *supra*, therefore the motion to quash should be denied and the peremptory writ of mandamus should issue.

DAVIS, J., concurs.