BUDLEY MARTIN, et al., v. J. W. BENSON.

150 So. 603.

Division A.

Opinion Filed October 17, 1933.

Leitner & Leitner, for Appellants;

Treadwell & Treadwell, for Appellee.

DAVIS, C. J.—This is the second appearance of this case in the Supreme Court. See Benson v. Martin, 105 Fla. 189, 141 Sou. Rep. 130. Upon remand of the case pursuant to the reversal heretofore entered, complainant attempted to file an amended bill of complaint. The amended bill was filed without leave of court. Thereupon the defendant filed a motion to strike the amended bill, and in and by the same motion prayed that a final decree be entered for the defendant upon the whole record. This record consisted of the original bill, answer and the testimony taken upon the final hearing which had led to the final decree that was reversed by this Court when the case was here before.

The Chancellor entered a decree dismissing the original

bill, struck from the files the amended bill, denied the complainant's petition for leave to file the proposed amended bill, and dissolved the injunction that had theretofore been entered restraining the defendant from molesting complainant in the possession of the city property involved. The rulings just stated form the basis of the present appeal.

The majority opinion of this Court, when the case was here before, settled the law of the case and fixed the rights of the parties as disclosed by the pleadings then in the record and supported by the evidence that had been taken concerning the issues.

No new facts have been adduced in the amended bill which would serve to change the equitable issues heretofore decided by the Supreme Court on the record before considered. The previous holding was that complainant was not entitled to any equitable relief under the facts proved by him. An amendment of the bill, if permitted, would not alter that conclusion.

For the rules governing the right of a *nisi prius* court to permit amendments of pleadings after appeal to an appellate court, and remand of the cause for further proceedings below, see Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792; Webb Furniture Co. v. Everett, 105 Fla. 292, 141 Sou. Rep. 115; State *ex rel*. Ulsch v. Gibbs, 106 Fla. 927, 143 Sou. Rep. 772.

In the present case the amended bill, had it been allowed, would not have changed the settled law of the case, as previously decided by a majority of this Court on the former appeal, when the law of the case is applied to the *facts* constituting the actual controversy between the parties. Therefore the decree appealed from was such as ought to have been made to carry out the mandate of this Court.

Affirmed.

WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.