FIDELITY AND CASUALTY CO. OF NEW YORK v. PLUMBING DEPARTMENT STORE, INC., *et al.*

157 So. 506.
Opinion Filed October 30, 1934.
Rehearing Denied November 30, 1934.

*Blackwell & Gray,* for Petitioners.

*Francis M. Miller,* for Respondents.

DAVIS, C. J.—This case is before the Supreme Court on writ of certiorari to a judgment of the Circuit Court of Dade County affirming a judgment of the Civil Court of Record of Dade County, Florida, rendered in favor of the plaintiff in that court. Respondent has interposed a special motion to quash writ of certiorari on technical grounds,

and also on the merits. Such a motion is unnecessary for a disposition of the case, as this Court always, in considering a case pending here on certiorari, will either quash the judgment or quash the writ that brings it here. Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 Sou. Rep. 483, 140 Sou. Rep. 218, and cases cited.

The suit in the Civil Court of Record was on a common law bond given by a construction company to an owner in consideration of the execution of a building project. The condition of the bond was in substance that the construction company (contractor) should "promptly *make payment* to all persons supplying labor or materials for use in the prosecution of the work" provided for in the building contract.

The bond sued on also contained a special provision for the benefit of third parties as gift promisees or donee beneficiaries, reading as follows:

"This bond is made for the use and benefit of all persons, firms and corporations who may furnish any material, or perform any labor for or on account of said work, buildings or improvements, and they and each of them are hereby made obligees hereunder the same as if their own proper names were written herein as such, and they and each of them may sue hereon."

In defense of the suit on the bond, the defendant surety company by appropriate pleas attempted to plead in avoidance of liability to the plaintiff materialman on such bond, that a materialman may not recover on a common law bond executed by a building contractor, as principal, and a compensated surety company, as surety, even where the bond is expressly conditioned for the "payment" of all persons supplying materials in the prosecution of the work, in addition to being conditioned for the performance of the contract for erection of the building, where the formal obligee

(owner) defaults in such manner and to such extent that the principal (contractor) is without funds to pay the gift promisee (materialman) for the materials furnished, where the materials were supplied on the contractor's credit, or in reliance upon a statutory lien, and without express reliance by the materialman upon the provisions of the bond. The Civil Court of Record rejected such defense. The Circuit Court affirmed the Civil Court of Record on that proposition.

It is admittedly the general rule, as argued by the petitioner, that whatever right of action a gift promisee or donee beneficiary of a promise may acquire by virtue of a promise made for his benefit, as against either of the directly contracting parties, cannot be broader, rise higher or be considered better than the rights *inter sese* of parties to the contract, through whom such gift promisee's right of action must be derived. A. L. I. pages 151-168; 6 R. C. L. 886.

But the proposition at bar is controlled by the construction heretofore placed by this Court upon the particular form of contract that is here involved. What then is the nature and character of the particular promise contained in the contract, insofar as it relates to the fifth promisee or donee beneficiary (materialman) where the condition of a contractor's bond requires the contractor to "pay" the materialman for materials as well as faithfully execute his contract.

This question was answered in American Surety Co. v. Smith, 100 Fla. 1012, 130 Sou. Rep. 440, in which it was held that the "promise" (not the completed performance of that promise) on the part of the owner to pay the contractor for building the building, constituted the consideration for the contractor's secondary, but absolute promise in

his bond to pay the materialman, who is thereby made a gift promisee or donee beneficiary of such absolute promise on the part of the contractor to the owner to "pay" the materialman for all materials supplied. The case just cited was followed in this Court by the subsequent cases of Johnson Electric Co. v. Columbia Casualty Co., 101 Fla. 186, 133 Sou. Rep. 850, and Barry v. Columbia Casualty Co., 101 Fla. 168, 135 Sou. Rep. 852, wherein the same doctrine was announced and the same rule enforced in favor of a materialman suing on a common law contractor's bond.

So the Circuit Court was right in affirming the judgment of the Civil Court of Record whose judgment we likewise sustain.

Certiorari quashed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.