122 So.2d 499 (1960)
Vincent DI CAMILLO and the Ohio Casualty Insurance Company, Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION, a Corporation, Appellee.
No. 1592.
District Court of Appeal of Florida. Second District.
July 29, 1960.
Rehearing Denied August 29, 1960.
Jonas & Riddle, Miami Beach, for appellants.
*500 Fisher, Dickinson & Prior, West Palm Beach, for appellee.
KANNER, Acting Chief Judge.
Vincent DiCamillo as principal and Ohio Casualty Company as surety, defendants in the suit below, hereinafter referred to, respectively, as DiCamillo and the surety, executed to Jupiter Corporation an Owner's Protective Bond which contained the following provisions pertinent to the issue here involved:
"* * * if Principal shall faithfully perform such contract and pay all persons who have furnished labor or material for use in or about the improvement and shall indemnify and save harmless the Owner from all cost and damage by reason of Principal's default or failure so to do, then this obligation shall be null and void; otherwise it shall remain in full force and effect.
"All persons who have furnished labor or material for use in or about the improvement shall have a direct right of action under the bond, subject to the Owner's priority."
DiCamillo had entered into a contract with Jupiter Corporation to do certain construction work on its property known as Salhaven Retirement Village. During the course of effectuating the improvements comprehended by the contract with the owner, DiCamillo engaged as subcontractor the J.R. Hime Electric Company, Inc., to which company Westinghouse Electric Corporation, plaintiff below, hereinafter referred to as Westinghouse, furnished electrical supplies and labor for which there was eventually an outstanding balance due of $13,264.60. The subcontractor was paid all but $7,500 of the amount due for the electrical work and supplies, but DiCamillo, learning that the subcontractor had defaulted as to payments to Westinghouse, withheld and deposited that sum in the registry of the court prior to the filing of the suit.
Westinghouse, asserting that it had a right to direct action under the bond, filed suit for recovery of the unpaid sum due it for the electrical supplies and labor furnished. Final judgment was entered in which the court held that under the bond DiCamillo and the surety agreed to pay all persons who furnished labor or material and adjudged that Westinghouse have and recover from them the full amount due plus interest and costs.
DiCamillo and the surety, appealing from that judgment, assert that Westinghouse is a remote materialman supplying labor and material to a subcontractor and therefore has no right of action under the bond. In support of this, they urge that the bond in question was entered into for the sole benefit and protection of the owner, that DiCamillo never contracted with Westinghouse, and that the subcontractor had received payment for the entire amount due except for that sum reposing in the registry of the court. They complain that the lower court's holding has the effect of requiring them to pay again for electrical work already paid for.
As we see it, the real question on appeal is whether Westinghouse, the supplier of labor and materials to J.R. Hime Electric Company, Inc., the subcontractor, is protected by and may sue directly to recover on the bond by reason of the specified provisions.
The bond was given to secure the performance of a private building and construction contract. The action is predicated on the contractual provisions of the bond and is exclusive of the mechanics' lien statutes. It does not always follow that only the formal parties to a contract have an enforceable interest in its performance. On the contrary, a third party, even though a stranger to the consideration, may maintain an action on the contract under certain provisions and conditions. Thus, where the nature or terms of a contract reveal the intention of the formal parties thereto that its provisions *501 be not merely for their own benefit but also for the benefit of a third party, the benefit to that third party being one of the direct and primary objects of the contract, such a third party action may be maintained. American Surety Co. of New York v. Smith, 1930, 100 Fla. 1012, 130 So. 440.
Well established by the great weight of authority is the right of a person furnishing labor or supplying materials to recover on a building and construction contractor's bond in which the owner of the property is named as the obligee but in which there is the condition that the contractor pay all claims for labor and materials or that he pay laborers and materialmen. Adopting that rule the Florida Supreme Court thus expressed itself:
"* * * when a building contractor executes an indemnity bond to the owner to insure performance of a building contract, conditioned in such manner as to fully protect the interests of the obligee, and further conditioned not merely that the contractor shall `furnish' or `supply' all materials, but that he shall `make payment to all persons supplying materials in the prosecution of the work,' a materialman may recover upon such bond as a contract entered into between the formal parties thereto for the benefit of a third party, the materialman. Such an obligation is of dual aspect, one of which is that the contractor shall perform his contract with the owner; the other that he shall pay materialmen supplying materials in the prosecution of the work. The owner's promise to pay the contractor is the consideration for the latter's promise to pay the materialmen."
American Surety Co. of New York v. Smith, supra. See also Johnson Electric Co. v. Columbia Casualty Co., 1931, 101 Fla. 186, 133 So. 850, 77 A.L.R. 1; Fidelity & Casualty Co. of New York v. Plumbing Department Store, 1934, 117 Fla. 119, 157 So. 506; 4 Fla.Jur., Bonds, section 20, p. 547; Annotation, 77 A.L.R. 21, 53, 56, 74; and Annotation, 118 A.L.R. 57, 60, 70.
Clearly Westinghouse occupied the position of a direct third party beneficiary under the specific provisions of the bond here concerned and as such was entitled to its protection. The bond has the express provision that all persons furnishing labor and materials for use in and about the improvement should have a direct right of action under the bond. Westinghouse supplied labor and materials for the electrical work; these were actually used; Westinghouse was not paid. The bond thus remained in full force and effect and Westinghouse had a direct right of action. Accordingly, the final judgment of the circuit court is affirmed.
Affirmed.
SHANNON, J., and WILLIS, BEN C., Associate Judge, concur.