**Stasys BARZDA and Mary Barzda,**
**Appellants,**

v.

**QUALITY COURTS MOTEL, INC.,**
**Appellee.**

**No. 24765.**

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1967.

Aaron Kravitch, Kravitch & Hendrix, Savannah, Ga., for appellants.

Chris B. Conyers, Albert Fendig, Jr., Brunswick, Ga., John J. Trenam, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., Conyers, Fendig, Dickey & Harris, Brunswick, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This appeal in a diversity case from the Southern District of Georgia involves appellants' right to sue as third party beneficiaries under a contract between the appellee, Quality Courts Motels, Inc.,[1] and one William Stagina. Briefly, the Barzdas purchased a motel from Stagina and thereafter sought Quality Courts' approval of the transfer from Stagina to themselves of a franchise to operate under Quality Courts. The franchise agreement provided that it was a Florida contract and was to be con-

---

1. A Delaware corporation with its principal place of business in Florida.

strued under Florida law. The appeal presents two questions: (1) Did the District Court correctly decide that the contract was to be construed under Florida law rather than the law of Georgia, where the motel was located; and (2) Was the District Court right in its determination under Florida law that the Barzdas were "incidental beneficiaries", and hence without standing to sue. We answer both questions in the affirmative.

■■■ As to the first question, it was clearly the intent of the contracting parties that Florida law should govern interpretation of the contract. The contract so provided. Such a stipulation is not contrary to public policy generally, nor is it contrary to public policy of Florida, where it was made, or Georgia where it was to be performed. See generally 16 Am.Jur.2d, Conflict of Laws, Sec. 41 and Sec. 46.

■ Florida courts have recognized three types of third party beneficiaries to a contract: (1) donee beneficiaries; (2) creditor beneficiaries; and (3) incidental beneficiaries. Third party beneficiaries in the first two classes have a right to sue. Fidelity & Casualty Co. of New York v. Plumbing Department Store, Inc., et al., 117 Fla. 119, 157 So. 506 (1934); Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135 (1931). On the other hand, third party beneficiaries recognized as incidental beneficiaries have no enforceable rights under a contract. East Coast Stores v. Cuthbert, 101 Fla. 25, 133 So. 863 (1931).

■ The facts presented to the court below did not indicate that Stagina owed and duty or liability to the Barzdas at the time the agreement was signed. It cannot, therefore, be assumed that they should be treated as creditor beneficiaries. Under principles enunciated by the Florida courts in McCann Plumbing Co. v. Plumbing Industry Program, 105 So.2d 26 (Fla.App.1958) and in the more recent case of DiCamillo v. Westinghouse Electric Corp., 122 So.2d 499, 501 (Fla. App.1960), and upon close perusal of the paragraph of the franchise agreement claimed to give rise to the right to sue, we conclude that the Barzdas were incidental rather than donee beneficiaries to the contract. The order appealed from dismissing the complaint is not shown to be erroneous. The judgment below is

Affirmed.