**George W. PAYNE et ux., Plaintiffs,**

**v.**

**UNITED STATES of America and the Federal Housing Administration, Defendants.**

**Civ. A. No. 71-H-267.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 30, 1971.

William D. Soffar, Houston, Tex., for plaintiffs.

Anthony J. P. Farris, U. S. Atty., George R. Pain, Asst. U. S. Atty., Houston, Tex., for defendants.

MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

In this action plaintiffs seek the recovery of damages which allegedly resulted from the withdrawal of a commitment for mortgage insurance by the Federal Housing Administration (FHA). Plaintiffs, as sellers, entered into a contract to sell three lots and the structures located thereon in Daytona Beach, Florida. The contract was conditioned upon the purchaser receiving·

proper FHA mortgage insurance on the property. On June 26, 1964, FHA issued an insurance commitment to United Mortgagee Servicing Corp., the mortgagee. It carried an expiration date of December 26, 1964. For reasons which are in dispute, the transaction was not completed. Plaintiffs contend that FHA arbitrarily withdrew its commitment and, as a result, the purchaser could not satisfy the closing requirements of the contract.

The defendants seek to have the action dismissed alleging (1) that the applicable statute of limitations period has expired; and (2) that the complaint fails to state a cause of action for which relief can be granted.

■ Section 2401(a), Title 28 U.S.C., provides that a claim against the United States is forever barred unless action is begun within six (6) years after such claim accrues. *See* Crown Coat Front Co. v. United States, 395 F.2d 160 (2d Cir.), cert. denied, 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968). Since the FHA commitment expired on December 26, 1964, any cause of action premised on the commitment accrued on that date. This action was instigated on March 5, 1971. The limitations period, therefore, expired on December 26, 1970. In an attempt to extend the limitations period plaintiffs assert that a letter, dated November 9, 1964, by the FHA Commissioner extended the commitment's expiration date. This position is untenable. The Commissioner's letter, viewed most favorably to plaintiffs, offers no support for plaintiffs' contention. As a result, it is the opinion of this Court that the action was not timely instituted and, therefore, is barred by the statute of limitations.

■ Alternatively, this action can be disposed of on the basis of a failure to state a cause of action for which relief can be granted. Plaintiffs were not a party to the commitment contract. Therefore, if they have a cause of action, it must be as a third party beneficiary. In International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 472 (5th Cir. 1968), the applicable rule was stated thusly:

The Florida courts require that there must have been an intent to benefit the third party at the time the promisor and promisee entered into the contract in order for the third party to be classified as either a donee or a creditor beneficiary. If no such intention to benefit is found in the contract, the third party is an incidental beneficiary and has no rights enforceable against the promisor under the contract.

As can be readily seen by an examination of the commitment contract and the surrounding circumstances, the parties did not intend to confer a benefit on plaintiffs. The commitment was for the benefit of the mortgagors who were purchasing the property, the FHA thereby agreeing to insure the loan made to the mortgagors through the mortgagee, United Mortgagee Servicing Corp. Any benefit that the plaintiffs were to receive from the commitment was consequential and purely of an incidental nature. *See* American Empire Ins. Co. v. Fidelity and Deposit Co., 408 F.2d 72 (5th Cir.), cert. denied, 396 U.S. 818, 90 S.Ct. 55, 24 L.Ed.2d 69 (1969); Barzda v. Quality Courts Motel, Inc., 386 F.2d 417 (5th Cir. 1967); 2 S. Williston, A Treatise on the Law of Contracts §§ 347, 402 (3d ed. 1959). *See also* Republic National Bank v. National Bankers Life Ins. Co., 427 S.W.2d 76 (Tex.Civ. App.—Dallas 1968, writ ref'd n. r. e.). Under Florida law plaintiffs have no enforceable right against the promisor under the commitment contract. As a result, the complaint fails to state a cause of action and pursuant to Rule 12(b)(6), Fed.R.Civ.P., should be dismissed.

Accordingly, defendants' motion to dismiss is granted.