THE STATE OF FLORIDA, *Plaintiff in Error*, v. FLORIDA RAILWAY COMPANY, *Defendant in Error*.

Opinion Filed May 4, 1915.

Under the statute providing that a penalty imposed by the railroad commissioners "shall be recovered * in a civil action brought by the said commissioners in the name of the State

of Florida," the State of Florida is the real party in interest, and the action may be brought viz: "The State of Florida, by H. Special Counsel for the railroad commissioners of said State, by them designated and directed to sue in this behalf, &c."

Writ of error to Circuit for Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*D. C. McMullen* and *Thos. S. Trantham,* for Plaintiff in Error;

*J. T. G. Crawford,* for Defendant in Error.

WHITFIELD, J.—An action was brought in the Circuit Court by special counsel for the Railroad Commissioners in the name of the State of Florida to recover the amount of a penalty imposed by the Railroad Commissioners for a violation of Rule 15 of the Commission Rules. The court sustained a demurrer to the declaration on the ground that "the statute under which suit is brought does not contemplate that the State of Florida should be the plaintiff, but provides that suit must be brought by the Railroad Commissioners in the name of the State of Florida;" and the plaintiff not desiring to amend, final judgment for the defendant was rendered and the plaintiff took writ of error.

Section 2908 General Statutes of 1906, as amended by Chapter 6527 Acts of 1913, is as follows:

"Enforcement of Rates. If any railroad, railroad company, or other common carrier doing business in this State shall by any officer, agent or employee be guilty of a

violation or disregard of any rate, schedule, rule or regulation provided or prescribed by said Commission, or shall fail to make any report required to be made under the provisions of this chapter, or shall otherwise violate any provision of this chapter, such company or common carrier shall thereby incur a penalty for each such offense of not more than five thousand dollars, to be fixed and imposed by said commissioners after not less than ten days' notice of the charge of such violation or disregard of rate, schedule, rule or regulation or failure to make report or other violation or disregard of the provisions of this chapter, and upon which charge such company or common carrier shall have had an opportunity to be heard by said Commissioners.

The Common Carrier charged shall file its defense or defenses in writing under oath, specifically setting forth each particular defense. The Commissioners may permit amendments to charges and defenses upon such terms and conditions, and with such postponements of hearing, if any, as in their opinion the ends of justice may require. They may also adopt rules to regulate the proceedings before them.

The said penalty in the amount so imposed, if not promptly paid to the State Treasury, shall be recovered with interest thereon from the date of the order, in a civil action brought by the said Commissioners in the name of the State of Florida in any county in the State where such violation has occurred, or in any other county through or in which such common carrier runs or does business.

The declaration shall be deemed sufficient if it recites fully or sets forth the said order in which suit is brought,

with an averment that the defendant is indebted to the
plaintiff thereon in the amount of the penalty imposed
with interest as aforesaid.  In such cases there shall be
no general issues, but the plea or pleas shall specifically
set forth the perticular defense or defenses to the action;
and no defense which existed prior to the day of hearing
before the Commisioners, and which was not made before
them, shall be permitted in the action.  The fact of the
fixing and imposing of such fine by the Commissioners
shall constitute prima facie evidence of everything neces-
sary to create the liability or require the payment of the
fine or penalty as fixed and imposed, and to authorize
a recovery thereon in any actions or proceedings brought
by the Commissioners, and a copy of the entry in the
minute book of the Commissioners of the order fixing and
imposing such fine or penalty, certified by the Chairman
of the Board of Railroad Commissioners, shall constitute
prima facie evidence of the fact that such fine or penalty
was fixed and imposed by the Commission.

Every fine when imposed by the Commissioners shall be
a lien upon the railroad, equipment, boats and real prop-
erty of the common carrier on which it is imposed except
such real property as is not used in the business of trans-
portation." See Sec. 2908 Florida Compiled Laws 1914.

This statute expressly provides that the penalty imposed
"shall be recovered    *    in a civil action brought by the
said Commissioners in the name of the State of Florida."
The State of Florida is the real party in interest and the
proper plaintiff.    The Railroad Commissioners    are
expressly authorized by statute to employ special counsel
to conduct litigation brought by the Commissioners in the
discharge of their statutory duties.    The declaration
herein begins: "The State of Florida, plaintiff, by F. M.

Hudson, Special Counsel for the Railroad Commissioners of said State, by them designated and directed to sue in this behalf," etc. This method of bringing the action is a substantial compliance with the quoted statute, and it was error to sustain the demurrer as stated.

The judgment is reversed.

TAYLOR, C. J., AND COCKRELL AND ELLIS, JJ., concur.

SHACKLEFORD, J., absent.