THE STATE OF FLORIDA, *Plaintiff in Error*, v. THE LIVE OAK, PERRY & GULF RAILROAD COMPANY, *Defendant in Error*.

Opinion filed Dec. 16, 1915.

1. Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law.

2. On certiorari the court issuing the writ considers only the face of the record of the inferior court. Matters *in pais* are not within the purview of the writ.

3. A petition for a writ of certiorari to review the proceedings and judgment of a court should make it appear that an illegal proceeding appears by the face of the record complained of.

4. Where a judgment of the Circuit Court affirming a judgment of the County Judge's Court, considered with reference to the pleadings and record proper in the County Judge's Court, is not in accordance with the essential requirements of law, the judgment of affirmance may be quashed on certiorari.

Judgment quashed.

Original petition in Certiorari to Circuit Court, Suwannee County; M. F. Horne, Judge.

*D. C. McMullen* and *Thomas S. Trantham,* for Plaintiff in Error;

*John F. Harrell,* for Defendant in Error.

WHITFIELD, J.—Upon a petition filed in the name of the State of Florida by the Railroad Commissioners, this court issued a writ of certiorari requiring that a full and complete copy and transcript of the judgment and all proceedings of the Circuit Court for Suwannee County, in the case of the State of Florida v. The Live Oak, Perry & Gulf Railroad Company be sent here. By such transcript it appears that there was filed in the Court of the County Judge for Suwannee County the following declaration:

"In the Court of the County Judge,
Suwannee County, Florida.

The State of Florida, Plaintiff,

v.

The Live Oak, Perry & Gulf Railroad
Company, Defendant.

Suwannee County, to-wit:

The State of Florida, Plaintiff, by F. M. Hudson, Special Counsel for the Railroad Commissioners of the said State, by them directed to sue in this behalf, sues the Live Oak, Perry & Gulf Railroad Company, a corporation under the laws of the State of Florida, the Defendant,

For that the said Live Oak, Perry & Gulf Railroad Company was, prior to the institution of this action, and is now, a railroad and common carrier operating its line of railroad within the State of Florida for the transportation of goods and passengers for hire, and running into and doing business in Suwannee county aforesaid.

That prior to the institution of this action, on to-wit, the 7th day of September, 1912, the said Live Oak, Perry & Gulf Railroad Company was charged before the Railroad Commissioners of the State of Florida with having, within twelve months then last past, violated or disregarded Chapter 5895 of the Laws of Florida, Acts of 1909,

In that the said Live Oak, Perry & Gulf Railroad Company did issue to one E. A. Hodge a free pass, thereby providing the said Hodge with free transportation over its line of railroad.

And after ten days notice of the said charge, the said defendant had an opportunity to be heard and was heard by the said Railroad Commissioners on the said charge.

And thereafter, on to-wit, the 27th day of January,

1913, the said Railroad Commissioners having duly tried the said defendant on the said charge, in accordance with law, by their order duly entered, adjudged the said defendant guilty of violating and disregarding the said Chapter 5895 of the Laws of Florida, Acts of 1909, as aforesaid, and in accordance with law the said Commissioners duly fixed and imposed upon the said defendant a penalty for the said offense in the sum of Fifty ($50.00) Dollars, a copy of which judgment and order is hereto attached and made a part hereof.

That by reason of the premises, and according to the statutes in such cases made and provided, the defendant became liable to pay to the State Treasurer the sum of Fifty ($50.00) Dollars, with interest thereon from the 27th day of January, 1913, at the rate of eight per cent per annum. ——— Yet the defendant has not paid the damage of the plaintiff.

And the plaintiff claims Ninety-nine ($99.00) Dollars.                                F. M. HUDSON,
                                        Attorney for Plaintiff.

Order No. 386.
File No. 3334.

In the Matter of the Violation by the Live Oak, Perry & Gulf Railroad Railroad Company of Chapter 5895 of The Laws of Florida, Acts of 1909, by Issuing a Free Pass to E. A. Hodge.

WHEREAS charges were made against the Live Oak, Perry & Gulf Railroad Company of having violated or disregarded Chapter 5895 of the Laws of Florida, Acts of 1909, by issuing a free pass to one E. A. Hodge; and
WHEREAS the said Live Oak, Perry & Gulf Railroad

Company had due and lawful notice of said charges, in that written notice was served upon said Live Oak, Perry & Gulf Railroad Company under date of September 17th, 1912, that the Railroad Commissioners of the State of Florida would be in session on the 30th day of September, 1912, at ten o'clock in the morning, to hear and consider the said charges and to determine the truth thereof, and also to hear and consider what penalty, if any, should be imposed upon said company in case it should be found guilty of the said charges; and

WHEREAS, the said Live Oak, Perry & Gulf Railroad Company duly appeared, pursuant to said notice, by its attorneys McCollum & Harrell, and the said matter was then taken under advisement;

Now on this day, upon further consideration of the said matter, we, the said Railroad Commissioners of the State of Florida, do find that the said Live Oak, Perry & Gulf Railroad Company did within twelve months last past issue a free pass to the said E. A. Hodge; and the said E. A. Hodge was not at the time of the issuance of the said pass an officer of said company nor an employee, pensioner, or disabled employee of said company, nor travelling to accept or leave the employment of said company, nor was he a member of the immediate family of any such person dependent upon him; that the said E. A. Hodge was not the physician or surgeon or the salaried attorney at law of said company; nor was he employed on sleeping, parlor, dining or express cars hauled by said company; nor was he a baggage soliciting agent for said company, nor a newsboy on duty; that the said E. A. Hodge was not a minister of religion engaged in general mission work; nor a traveling secretary of any Railroad Young Men's Christian Association, nor a Confederate

soldier going to the State Home for Confederate Soldiers
to become an inmate thereof, or returning after discharge;
nor was he an indigent homeless or destitute person trans-
ported by charity or an agent employed in such transpor-
tation, nor was he exclusively engaged in charitable or
eleemosynary work; nor was he a person injured in wreck,
nor the physician, surgeon, relative or friend of any such
injured person; nor was he engaged in providing relief
in cases of general epidemic, pestilence or other calam-
itous visitations in this State; nor was he an officer or
employee or member of the immediate family or surgeon
or salaried attorney or a member of the immediate family
dependent on such physician, surgeon or salaried attorney,
of any other common carrier; nor was he the sheriff of
the State; but that the said pass was issued by the Live
Oak, Perry & Gulf Railroad Company and accepted by
the said Hodge under a mistake of law as to the right to
issue and receive the said pass; and

THEREFORE, We, the Railroad Commissioners of the
State of Florida, being fully advised in the premises, do
find and adjudge that the Live Oak, Perry & Gulf Rail-
road Company is guilty as charged of violating or disre-
garding the said Chapter 5895 of the Laws of Florida,
Acts of 1909, entitled 'An Act to Amend Section 2919
of the General Statutes of Florida as to the Allowance
of Free or reduced Rates of Transportation by common
carriers', by the issuance of free pass to the said E. A.
Hodge, as aforesaid and under the circumstances afore-
said; and that the said Live Oak, Perry & Gulf Railroad
Company has thereby incurred a penalty, which, in view
of the extenuating circumstances aforesaid, is hereby
fixed and imposed in the sum of Fifty ($50.00) Dollars,

which it is required to pay promptly to the State Treasurer, with interest, as required by law.

*Done and Ordered* in open session by the Railroad Commissioners of the State of Florida in our office in the City of Tallahassee this 27th day of January, 1913.
   (Signed)            ·  R. HUDSON BURR,
                                    Chairman."

Subsequently the defendant demurred to the declaration on the following grounds:

"1.   The State of Florida is not by law authorized or empowered to sue in this behalf or maintain this action.

2.   The Railroad Commissioners of the State of Florida are the only body authorized to maintain said action, if in fact a cause of action exists, as alleged, but said commissioners sue 'In the name of the State of Florida.'

3.   It appears on the face of the said Order No. 386, or the order imposing judgment or penalty against this defendant, a certified copy of which is attached to and made a part of plaintiff's declaration, that the same is illegal and void.

4.   The said order or judgment, a copy of which is attached and made a part of plaintiff's declaration, affirmatively shows the absence of any intent to violate any law of the State of Florida, or any rule or regulation of the railroad commission.

5.   The said order shows on its face that it is duplicitous.

6.   The said order or judgment imposing penalty is ambiguous and uncertain.

7.   The said order or judgment pretending to impose a penalty on this defendant, a copy of which said order or judgment is attached to and made a part of the plain-

tiff's declaration, does not specify any act of commission or omission of which the defendant is adjudged guilty; the only allegation adjudging the defendant guilty is alleged in the disjunctive or alternative, to-wit: 'Is guilty as charged of violating or disregarding' etc.

8. It does not appear in and by the said declaration that the defendant has ever had due notice of the entry of the said pretended order or judgment, or that it was ever called upon or had opportunity to pay said judgment prior to the commencement of this suit."

The following order was made on the demurrer:

"The foregoing demurrer came on for argument and was argued by counsel of defendant and counsel of plaintiff. Upon consideration by the Court, it is Considered by the Court and adjudged that the Defendant Demurrer is well founded in law."

Final judgment on demurrer was rendered as follows:

"The above stated case having been heard on demurrer to declaration and demurrer sustained, and plaintiff declining to amend, and defendant moving for entry of judgment on demurrer sustained, it is therefore, upon consideration by the Court, adjudged that plaintiff take nothing by its declaration and defendant go hence without day."

On writ of error the cause was taken to the Circuit Court, the following errors being assigned:

"1. The Court erred in sustaining the demurrer of the defendant to the declaration herein filed.

2. The Court erred in entering the final judgment, dated the 12th day of February, 1914, based upon its order sustaining the demurrer to the declaration."

A motion was made to dismiss the writ of error.

The Circuit Court on January 16th, 1915, denied the motion to dismiss the writ of error and affirmed the judgment of the County Judge as follows:

"This cause came on to be heard upon brief by agreement and was considered by the court, and upon consideration it is ordered that the motion of the defendant in error be not granted, and upon like consideration it is ordered by the Court that the judgment of the County Judge's Court dated February 12th, 1914. be and the same is hereby affirmed and the cost of this proceeding taxed against the plaintiff in error."

A petition for rehearing was filed February 15th, 1915, which petition was denied May 28th, 1915.

The prayer of the petition for certiorari is "that this Court may review the same and find the same judgment of the said Circuit Court affirming the judgment for the defendant in said County Judge's Court for Suwannee County, Florida, as aforesaid, to be wholly illegal and unauthorized by law, and the said order of the said Circuit Court denying the said petition for rehearing to be wholly illegal and unauthorized by law, and quash the said judgments of the said Circuit Court."

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appel-

State v. Live Oak, Perry & Gulf Ry. Co.—Opinion of Court.

late proceedings are provided by law. Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 42 South. Rep. 714.

On certiorari the court issuing the writ considers only the face of the record of the inferior court. Matters in pais are not within the purview of the writ.

A petition for a writ of certiorari to review the proceedings and judgment of a court should make it appear that an illegal proceeding appears by the face of the record complained of. Ragland v. State, 55 Fla. 157, 46 South. Rep. 724.

The defendant moves to quash the writ of certiorari. If the judgment of the Circuit Court is correct the writ should be quashed. But if the County Judge erred in sustaining the demurrer to the declaration or in entering final judgment on the demurrer for the defendant; and the affirmance of the judgment is not according to the essential requirements of law, the judgment of the Circuit Court may be quashed. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Basnet v. City of Jacksonville, 18 Fla. 523.

The first and second grounds of the demurrer are not well taken. It was held in State v. Florida Railway Co., 69 Fla. 564, 68 South. Rep. 667, that actions in cases of this character may be brought in the name of "The State of Florida." This decision was rendered after the Circuit Court affirmed the judgment of the County Judge, but before the petition for rehearing was denied, and it is expressly alleged in the petition for a writ of certiorari, and in effect admitted by the motion to quash the writ, that "no mandate has been issued by the said Circuit Court

remanding said cause to the said County Judge's Court and the said cause is still pending in said Circuit Court."

As it does not appear on the face of Order No. 386, imposing the obligation upon the railroad company "is illegal and void," or that the order is "ambiguous and uncertain" or "duplicitous," the third, fifth and sixth grounds of the demurrer fail. Since the element of an intent to violate the law or rule is not involved in the imposition of the monetary penalty, the fourth ground of the demurrer has no basis in law. As the order does sufficiently specify the act or omission for which the monetary penalty is imposed, and as it was not necessary to give notice of the entry of the order or to demand payment before action brought, the seventh and eighth grounds of the demurrer fail. It cannot be said that the declaration wholly fails to state a cause of action, therefore, a judgment for the defendant as rendered was clearly not authorized by law, and the judgment of the Circuit Court affirming such judgment for the defendant was not according to the essential requirements of law. See Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421.

The judgment of the Circuit Court is therefore hereby quashed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.