R. A. WADDELL, *Petitioner*, v. E. C. McALLISTER, a *feme sole*, *Respondent*.

En Banc.

Opinion filed May 31, 1929.

*Twyman & McCarthy* for Petitioner;

*W. F. Parker,* for Respondent.

WHITFIELD, J.—On a writ of error from the Circuit Court to the Civil Court of Record for Dade County the Circuit Court reversed the judgment and ordered the cause be "remanded for a new trial." An application is made for a writ of certiorari to have the record certified to this Court with a view to "quashing the judgment of the Circuit Court and affirming the judgment of the Civil Court of Record.

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Malone v. City of Quincy, 66 Fla. 52, 62 So. R. 922.

In this State the writ of certiorari is used to quash illegal judgments, not to assume and complete the adjudication of a cause. Ordinarily the writ of certiorari may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause. 11 C. J. 126; 6 Cyc. 755. See also 3 C. J. 585. In all the cases in this State where the writ of certiorari has been used to quash a judgment of a

lower court, they have been in cases where the judgment of a trial court has been affirmed by the Circuit Court in appellate proceedings, in which cases the Circuit Court had final appellate jurisdiction. First National Bank of Gainesville v. Gibbs et al., 78 Fla. 123, 82 So. R. 618; Holmberg et al. v. Toomer, 78 Fla. 116, 82 So. R. 620.

It seems that at common law a writ of certiorari could be awarded to review special and summary proceedings whether final or not where direct appellate proceedings are not available or not effectual to prevent a miscarriage of justice. See 11 C. J. 126; 4 Enc. Pl. & Pr. p. 41 et seq. The writ of certiorari may be issued in proper cases under exceptional circumstances in the discretion of the Court. See Spafford et al. v. Brevard County, Florida, 92 Fla. 617, 110 So. R. 451; Kroier v. Kroier, 95 Fla. 865, 116 So. R. 652. But the proceeding here sought to be quashed is not special or summary; and there are no special circumstances justifying the issue of a writ of certiorari. The action is for damages for the loss of a boat. In such a case certiorari may not be issued except after a final adjudication of the cause; and ordinarily a judgment of reversal for a new trial is not in terms or effect a final judgment. Haseltine v. Central Bank, 183 U. S. 130, 22 Sup. Ct. R. 49, 46 L. Ed. 117 and authorities cited. See Bruce v. Tobin, 245 U. S. 18, 38 Sup. Ct. R. 7, 62 L. Ed. 123; Chicago and N. W. Ry. Co. v. Junod, 146 U. S. 354, 13 Sup. Ct. R. 281, 36 L. Ed. 1002; Hamilton v. Wolf, 240 U. S. 251, 258. In A. C. L. R. R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. R. 66, and Southern Utilities Co. v. Palatka, 268 U. S. 232, 45 Sup. Ct. R. 488, 69 L. Ed. 930 and other like cases certiorari was issued to the affirmance of a judgment or decree. Even if the opinion of the Circuit Judge be regarded as a part of the judg-

ment of the Circuit Court reversing the judgment of the Civil Court of Record and remanding cause for a new trial, neither the opinion nor the judgment in terms or in effect directs the final adjudication or disposition to be made of the cause, leaving nothing to be done by the Civil Court of Record except to enter a judgment, as in cases like Gulf Refining Co. v. U. S., 269 U. S. 125, 46 Sup. Ct. R. 52, 70 L. Ed. 195; Moore v. N. Y. Cotton Exchange, 270 U. S. 593, 603, 46 Sup. Ct. R. 367, 70 L. Ed. 750; Robert Moody and Son v. Century Savings Bank, 239 U. S. 374, 376, 36 Sup. Ct. R. 111, 60 L. Ed. 336; C. & P. Tel. Co. v. Manning, 186 U. S. 238, 22 Sup. Ct. R. 881, 46 L. Ed. 1144.

Certiorari denied.

TERRELL, C. J. AND ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.