MAX RIFAS, *Petitioner*, vs. ISAAC GROSS AND LOUIS BAUM, Co-partners doing business as GROSS & BAUM, *Respondents*.

143 So. 600.

Division A.

Opinion filed September 20, 1932.

Petition for rehearing denied October 20, 1932.

*Blackwell & Gray*, for Petitioner;

*Robillard, Copeland & Therrel* and *John L. Neeley,* for Respondents.

BUFORD, C. J.—In this case certiorari was issued to the Circuit Court of Dade County challenging the legality of the judgment entered in the Circuit Court exercising its appellate jurisdiction on review of the judgment of the Civil Court of Record of Dade County.

The question attempted to be presented to this Court for review is whether or not the Circuit Court observed the essential requirements of law in reversing the judgment of the Civil Court of Record.

The order reversing the judgment of the Civil Court of Record based the reversal on the ground that the Civil Court of Record erred in overruling the demurrer to the declaration and held that the demurrer should have been sustained. The judgment was reversed with directions that further proceedings be had not inconsistent with the opinion.

In this case there is no question presented as to the jurisdiction of the inferior court, nor is there any question of the attempted exercise of excess jurisdiction.

Unless we are to recede from the former holdings of this Court in Brinson vs. Tharin, 99 Fla. 696, 127 Sou. 313; American Rwy. Express Co. vs. Wetherford, 86 Fla. 626, 98 Sou. 820, and Edwards vs. Knight, 100 Fla. 1704, 132 Sou. 459, we must hold that the grievance complained of can not be corrected by the application of certiorari.

In First National Bank vs. Gibbs, et al., 78 Fla. 118, 82 Sou. 618, this Court said:

"The office of the common law writ of certiorari, when issued to review the proceedings of an inferior court, is to bring up for inspection the entire record of the proceedings of such court, in order that the superior court may determine therefrom whether the inferior court acted within its jurisdictional powers, or whether its procedure was essentially regular and in accordance with

the requirements of law.'' Jacksonville T. & K. W. Ry. Co. vs. Boy, 34 Fla. 389, 16 South. Rep. 290; 4 Ency. Pl. & Prc. 31 et seq.; Hunt vs. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398.

On writs of certiorari the ultimate adjudication is to quash the judgment complained of or to quash the writ of certiorari. Basnet v. City of Jacksonville, 18 Fla. 523; State v. Live O. P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; Benton vs. State, 74 Fla. 30, 76 South. Rep. 341.

In this State the writ of certiorari is used to quash illegal judgments, not to assume and complete the adjudication of a cause. Ordinarily, the writ of certiorari may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause 11 C. J. 126; 6 Cyc. 755. See also 3 C. J. 585. In all the cases in this State where the writ of certiorari has been used to quash a judgment of a lower court, they have been in cases where the judgment of a trial court has been affirmed by the Circuit Court in appellate proceedings, in which cases the Circuit Court had final appellate jurisdiction. Jacksonville T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421; State v. Live Oak P. & G. R. Co., supra. See also Louisvill & N. R. Co. vs. Sutton, 54 Fla. 247, 44 South. Rep. 946.

Applications for the writ have been denied or writs issued were quashed in cases where final judgments to which the writ was sought were not regarded as being in excess of jurisdiction or otherwise invalid. Basnet v. City of Jacksonville, supra; Edgerton v. Mayor Green Cove Springs, 18 Fla. 528; Hunt v. City of Jacksonville, supra; Benton v. State, supra; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663. See also Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; Halliday v. Plank Road Co., 6 Fla. 304.

A judgment on writ of error reversing a judgment and remanding the cause for further proceedings in the

lower court is not a final judgment; though an adjudication by an appellate court reversing a judgment of a lower court and rendering a proper judgment when permissible by the appellate court may be a final judgment.''

It appears to us that the law as enunciated in that opinion rules this case. Therefore, the writ of certiorari should be quashed and it is so ordered.

WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., dissents.

BROWN, J., concurring.—I do not construe the opinion of the Circuit Court as making its judgment of reversal in effect a final judgment, or as holding that the declaration was unamendably bad. It seems to me that the declaration was capable of amendment to meet the objections pointed out in the opinion of the Circuit Judges, which objections are not to my mind entirely unfounded.

DAVIS, J., dissenting.—The judgment of reversal was more than a mere reversal and remand for further proceedings which left the case in an unfinished state. The judgment of the Civil Court of Record was not only reversed, but the cause was remanded with specific directions to have such other proceedings as were not inconsistent with the Appellate Court's opinion. The opinion of an Appellate Court on reversal is part of the mandate. When that opinion holds that no cause of action is shown by a declaration, and a cause of action *is* shown, reversal is a departure from the essential requirements of the law, which should be remedied on certiorari. No previous decision of the Court holds that it is *mere* error for a Circuit Court to not only hold a declaration bad on demurrer, but unamendably bad, when as a matter of law the declaration is good. The case is not one presenting a mere fault in pleading which is correctible upon remand.

In this case I think the declaration was clearly good and that certiorari to quash the Circuit Court's judgment hold-

ing it fatally and unamendably defective lies under the authority of L. O. P. & G. Ry. Co. vs. State, 70 Fla. 564, 4th headnote.