S. M. GRODIN v. RAILWAY EXPRESS AGENCY.

156 So. 476.
Opinion Filed August 6, 1934.
Petition for Rehearing Denied Sept. 24, 1934.

*Patterson & Knight* and *Herbert S. Sepler,* for Petitioner;
*Shutts & Bowen,* for Respondent.

DAVIS, C. J.—The Circuit Court of Dade County sitting as a Court of Appeal reversed a judgment of the Civil Court of Record of Dade County, Florida, on a writ of error prosecuted from a judgment in favor of petitioner Grodin in the sum of $2,500.00. The judgment of reversal

was concurred in by three Judges of the Circuit Court. See Chapter 15660, Acts 1931, Laws of Florida. The controversy is now before us on a petition for certiorari directed to the reversing judgment of the Circuit Court.

The effect of the judgment of reversal, as it has been entered by the Circuit Court, is not to finally determine the cause in the Circuit Court by directing the kind of judgment to be entered on its mandate by the Civil Court of Record. Under the Circuit Court's reversal of the judgment of the Civil Court of Record a new trial is required. After this there must be entered another final judgment which must be reviewed on a new writ of error to the Circuit Court, if the aggrieved party desires to prosecute same to such judgment as may be hereafter rendered. The Supreme Court awards certiorari in cases like this only to quash the *final* action of the Circuit Court sitting as a court of appeal.

A judgment of reversal by a Circuit Court on writ of error to a Civil Court of Record, which simply remands the cause to the latter court for further proceedings, is not a final adjudication of the cause and the Supreme Court will not issue a certiorari to the judgment of the Circuit Court under such circumstances. Holmberg v. Toomer, 78 Fla. 116, 82 Sou. Rep. 620; Rifas v. Gross, 106 Fla. 708, 143 Sou. Rep. 600; Kroier v. Kroier, 95 Fla. 865, 116 Sou. Rep. 753; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 Sou. Rep. 618; Waddell v. McAllister, 97 Fla. 1054, 122 Sou. Rep. 578. The singular exception to the foregoing rule is where the judgment of reversal by the Circuit Court contains an affirmative direction to the court below to proceed in violation of some essential requirement of the law in the ultimate judgment required to be rendered pursuant to the appellate court's directions in its mandate. Midland Motor Car Co. v. Willys-Overland, Ins., 101 Fla. 837, 132 Sou. Rep. 692.

In the present case, which is not yet concluded in the lower courts, all the propositions of law already passed on by the Circuit Court in its judgment of reversal, will still remain in the record of the entire proceedings. And if the ultimate judgment entered as the final action of the Circuit Court shall appear to have been arrived at on the whole record in violation of the essential requirements of law, an applicable writ of certiorari, if petitioned for in this Court and allowed, will remove the complete record to the Supreme Court for appropriate relief in the premises as to all matters properly within the scope of the review involved in a certiorari proceeding.

Certiorari denied without prejudice.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—The Court did not overlook the point presented to the effect that the judgment of the Circuit Court reversing the judgment of the Civil Court of Record of Dade County was not determined within five months after the return day of the writ of error as undertaken to be required by Section 8 of Chapter 15666, Acts 1931, providing for the manner of review of appeals from the Civil Court of Record to the Circuit Court.

Assuming that it is competent for the Legislature to declare a fiat affirmance of particular judgments pending on appeal therefrom to an appellate court, merely because the appellate court has failed to declare its decision of the appeal submitted to it, within a specified statutory period allowed for the appellate court to take such judicial action, the procedure for enforcing compliance with such a statutory provision would be by mandamus to compel the appellate court to enter an affirmative order making the statutory affirmance

a matter of record, and thereupon to remand the record in the appellate court to the court below for execution of the judgment as thus affirmed.

If after five months the appellate court whose judgment is attacked by certiorari in this case, had no jurisdiction other than to enter the fact of a statutory affirmance under Chapter 15666, *supra,* because the statute says the judgment of the Civil Court of Record shall stand automatically affirmed after a period of five months allowed to do otherwise, a point we deem unnecessary to decide until it is required to be decided in an appropriate proceeding, mandamus, not certiorari, should be sought to have the proper judgment entry made in the records of the appellate court. State, *ex rel.* The Dowling Co. v. Parks, 99 Fla. 1264, 128 Sou. Rep. 837.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.