CITY OF JACKSONVILLE BEACH·v. EDGAR W. WAYBRIGHT.

178 So. 401. •

Division A.

Opinion Filed January 7, 1938.

Rehearing Denied February 5, 1938.

*William A. Stanley* and *Fant & Stanley* for Petitioner;
*Roger J. Waybright,* for Respondent.

BUFORD, J.—This is a proceeding in certiorari challenging
the judgment of the Civil Court of Record in and for Duval
County, Florida, wherein the respondent recovered judg-
ment against the petitioner in a suit for attorneys' fees.

The amended declaration was in the following language:

"Comes now Edgar W. Waybright, Plaintiff, by himself
as attorney, and sues the City of Jacksonville Beach, a mu-
nicipal corporation, Defendant, for that the said Defendant
is indebted to the plaintiff in the sum of Twenty-five Hun-
dred Dollars, for money payable by defendant to plaintiff,
for legal services as an attorney at law, done and rendered
by plaintiff for defendant, at its request.

"And in a like sum for work done and material furnished
by plaintiff for defendant, at its request.

"And in a like sum for money found to be due from defendant to plaintiff on an account stated between them.

"And in a like sum for money paid by the plaintiff for the defendant, at its request.

"And for interest at 8 per cent. on $1,019.00 from the 14th day of November, A. D. 1933, the due date of said account.

"And being so indebted, the defendant in consideration of the premises, promised to pay the said several sums of money to the plaintiff on request, yet hath not paid the same, nor any part thereof, although often requested so to do.

"Wherefore the plaintiff claims the sum of $2,500.00 damages.

"EDGAR W. WAYBRIGHT, Attorney for Plaintiff.

"Bill of Particulars attached."

Bill of Particulars attached to the Declaration was as follows:

"Comes now the Plaintiff in the above entitled cause and files this his Bill of Particulars thereto.

| | |
|---|---|
| "Clerk's Costs advanced in filing Suggestion in Prohibition .................................................................$ | 7.50 |
| "Sheriff's costs in service of Rule *Nisi* in Prohibition ......................................................................... | 11.50 |

"For legal services, including preparation of Suggestion in the Circuit Court of Duval County, in Case No. 12587-L, Rule *Nisi,* Presentation and Granting of Rule, Briefing and Argument of Motion to Strike, Demurrers and Motion for Judgment in Prohibition proceedings versus former City Council, and for Brief and Opinion upon Validity of Ordinance and Election upon question of abolishing City Commission, and for Brief and Opinion upon the Status of F. D.

Brennan as City Attorney and for Brief and Opinion upon Validity of former Council Proceedings in reference to qualification of voters in the last City Election; and for Brief and Opinion upon Validity of Former Council's Suspension of City Commission and validity of disbursements of money upon checks signed by Chairman of City Commission and City Clerk, for opinion and brief on validity of bonds tendered by City Commission and their legal status upon refusal of Council to accept same; for Brief and Opinion upon Validity of Ordinance and effectiveness of the Repeal thereof relating to turning of taxes over to City Attorney for collection; for Advice respecting Status of Bonds and other Creditors of the City, for Attendance upon meeting of City Commission and Conference with the Commission and Members thereof 1,000.00

"Interest on $1,019.00 from November 14, 1933....

"Total .............................................$1,019.00"

To the declaration the 1st plea was: Never was indebted as alleged.

The 2nd plea was: Never promised as alleged.

Pleas 3 to 8, inclusive, were special pleas to which demurrer was interposed and sustained.

Broadly, the contention of the petitioner is that the City Council of the City of Jacksonville Beach adopted impeachment proceedings against every member of the City Commission specifying different charges against each of the three City Commissioners and that the services rendered by the respondent here were services rendered to the three Commissioners as individuals in the matter of attempted

impeachment. While the respondent's contention, broadly, is that he was employed to render legal services to the City of Jacksonville Beach as stated in his bill of particulars; that he was employed by the City Commission for that purpose and that incident to, and a part of the legal services which he was so employed to perform was to represent one branch of the City Government, viz.: the City Commissioners against the unlawful attempt of another branch of said Government, viz.: the City Council, to oust the City Commissioners from the offices, respectively, of City Commissioner, and that so representing this branch of the City Government in this regard he, by prohibition proceedings, challenged the power of one branch of the Government, the City Council, to so interfere with and dispose of the other branch of the Government, the City Commission.

It is contended that the City Commission was not authorized to employ the involved attorney to perform the involved services on behalf of the City. It appears that under the charter powers in this regard the authority of the City Commission is not limited to the employment of one attorney, nor is the compensation to be paid for the services of an attorney limited when such services are required. In such matters the Commissioners are limited by their judgment and consciences and are answerable to the electorate whom they are presumed to faithfully serve.

The prohibition suit did not involve the merits of the charges made against the City Commissioners, but necessarily involved as proceedings in prohibition must, the jurisdiction of the one branch of the government as above stated to interfere with and depose those representing the other branch of the government in the offices of City Commissioners. So the question presented in prohibition was not the guilt or innocence of the three commissioners of the charges lodged against them, but was a question as to

whether or not the civic council was vested with jurisdiction to proceed in the manner in which they were attempting to proceed against the City Commission.

The record shows that the result of the proceedings in prohibition was adverse to the City Council.

There appears to be no contention that the City Commission was without authority to employ counsel on behalf of the City in any matter requiring the services of an attorney where the rights, duties, powers or jurisdiction of the City Government or any branch of the City Government should be involved.

We are not concerned here with what might have been the liability of either the municipality or the members of the City Commission as individuals, had it become necessary for those individuals to defend themselves against the charges preferred.

Having reached this conclusion, the next question for us to determine is whether or not under the state of the record which we find there is ground to quash the judgment of the Circuit Court in certiorari proceedings.

It is well settled that this Court will not in certiorari proceedings, question the correctness of the judgment of the Circuit Court upon its merits, and also that 'in such cases the evidence will not be examined for the purpose of determining whether the evidence was of sufficient probative force to sustain the verdict.

In such proceedings it is the province of the Superior Court to ascertain whether or not there has been a palpable abuse of the power to determine the controverted facts. See Brinson v. Tharin, 99 Fla. 696, 127 Sou. 313; Hanway v. S. A. L. Ry. Co., 101 Fla. 1483, 136 Sou. 628; Rifas v. Gross, 106 Fla. 708, 143 Sou. 600.

It has also been held: "It was never intended for this Court to correct on certiorari merely erroneous rulings of

the Civil Court of Record on the law and evidence. We fully realize that courts having final appellate jurisdiction sometimes err. That fact, however, does not justify us in assuming appellate jurisdiction that is vested in another court by organic law. DesRocher & Watkins Towing Co. v. Third National Bank, 106 Fla. 466, 143 Sou. 769."

When these rules are adhered to and applied, we are brought to the conclusion that the alleged errors complained of in this case are not such as may be reached by certiorari to the judgment of the Circuit Court having final appellate jurisdiction on writ of error.

It could serve no useful purpose to reiterate what has been said in the cases above cited in regard to the conditions under which certiorari may be invoked. It is sufficient to say that the record in this case does not disclose such a state of facts as will warrant us in reviewing in this proceeding the errors complained of.

The motion to quash the writ should be and is granted.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.