SAM PERLMAN v. JOHN A. RYDEN and FLORENCE RYDEN, Co-partners trading as and operating the SHOW BOAT: and JOHN RYDEN and FLORENCE RYDEN, individually.

178 So. 911.

Division B.

Opinion Filed January 12, 1938.

Rehearing Denied February 26, 1938.

*Louis S. Joel,* for Petitioner;

*Edgar W. Waybright* and *Edgar W. Waybright, Jr.,* for Respondents.

CHAPMAN, J.—A final judgment herein was entered in the Civil Court of Record for Duval County. On writ of error to the Circuit Court of Duval County the judgment was reversed and the cause remanded for further proceedings in the Civil Court of Record. Petition for writ of certiorari, brief, and transcript of the record as required by Rule 35 was filed in this Court. It was made to appear that declaration contains four counts. The first and third counts were in detinue, while the second and fourth sounded in trover or conversion. Pleas were directed to the entire declaration and not to any count thereof, and a trial resulted in a verdict and judgment in behalf of petitioner.

In the order of reversal dated August 18, 1937, as entered by the Circuit Court of Duval County, the issuance of mandate was withheld and the order of reversal is, viz.:

"In the Circuit Court, Fourth Judicial Circuit of Florida, in and for Duval County. Appeal Case No. 1177.

"John A. Ryden and Florence Ryden, Co-partners trading as and operating the Show Boat; and John A. Ryden and Florence Ryden, Individually, Appellants,

v.

Sam Perlman, Appellee.

"Filed Aug. 18, 1937.

"Elliot W. Butts, Clerk Circuit Court.

"Order

"This case came on to be heard upon appeal. The case is reversed for the following reasons:

"In the declaration is a detinue count and the form of verdict submitted to the Jury by the Court was not the form of verdict the law requires in an action for detinue.

"The evidence as to the value of the personal property is insufficient in law.

"It is not necessary to pass on the other assignments of error and the matters involved therein can be settled in the Civil Court of Record.

"Mandate shall not issue for ten days from this date. The judgment of the Civil Court of Record is set aside.

"Done and Ordered in Chambers at Jacksonville, Duval County, Florida, this 18th day of August, 1937.

"Miles W. Lewis, *Judge.*"

The question for consideration here is: Is the above order such a final judgment as will authorize the issuance of a writ of certiorari. This Court, in considering a similar question in the case of First National Bank of Gaines-

ville v. Gibbs, 78 Fla. 118, test p. 124, 82 Sou. Rep. 618, said:

"A judgment on writ of error reversing a judgment and remanding the cause for further proceedings in the lower court is not a final judgment; though an adjudication by an appellate court reversing a judgment of a lower court and rendering a proper judgment when permissible by the appellate court may be a final judgment.

"This court has no jurisdiction, original or appellate, to determine and adjudicate the merits of the cause of action herein.

"In this case the adjudication of the Circuit Court is that the judgment of the Civil Court of Record be reversed and the cause returned to the Civil Court of Record for further proceedings. This is not a final adjudication of the cause; and the certiorari is not a remedy at this stage under the statutes or the practice that affect the use of the writ of certiorari in this State."

Likewise in the case of Holmberg v. Toomer, 78 Fla. 116, text p. 117. 82 Sou. Rep. 620, this Court, speaking through Mr. Justice WHITFIELD, said:

"A petition for a writ of certiorari alleges in effect that in an action of assumpsit brought against the petitioners herein, the Civil Court of Record for Duval County rendered a judgment for the defendants and that on writ of error taken to the Circuit Court, the judgment was reversed and the cause remanded to the Civil Court of Record for further proceedings. A writ of certiorari is not a writ of right in all cases. See Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663; Benton v. State, 74 Fla. 30, 76 South. Rep. 314; Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398; Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; Edgerton v. Mayor Green Cove Springs, 18 Fla. 528;

Dean v. Wilcoxson, 18 Fla. 531; Basnet v. City of Jacksonville, 18 Fla. 523; 6 Cyc. 748; 5 R. C. L. 254.

"A judgment of the Circuit Court on writ of error reversing a judgment of a lower court and remanding the cause to the lower court for further proceedings, is not a final adjudication of the cause; and the Supreme Court will not issue a writ of certiorari to such a judgment of the Circuit Court. See First National Bank v. Gibbs, decided at this term; 4 Standard Ency. Law & Pro. 892, 901.

"Writ denied."

See Bringley v. C. I. T. Corp., 119 Fla. 529, 160 Sou. Rep. 680; Grodin v. Railway Express Agency, 116 Fla. 378, 156 Sou. Rep. 476.

The judgment of reversal of the Circuit Court on writ of error to the Civil Court of Record, which simply remanded the cause for further proceedings, is not a final adjudication of the cause, and the Supreme Court will not issue a writ of certiorari to the order, *supra,* of the Circuit Court. The order entered by the Circuit Court does not conclude the cause, but corrected certain errors, and directed that in the further proceeding thereof in the Civil Court of Record the rulings of the Circuit Court be observed. If the ultimate judgment entered as a final action of the Circuit Court in this cause shall appear to have been arrived at on the whole record in violation of the essential requirements of the law, this cause can at a later date be considered on petition for a writ of certiorari by the aggrieved party to this cause. The petition for writ of certiorari is hereby denied without prejudice.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.