43 So.2d 853 (1950)
CAUDELL
v.
LEVENTIS et al.
Supreme Court of Florida, Division B.
January 24, 1950.
*854 A.C. Franks, H.H. Eyles and J.T. Gordon, Miami, for petitioner.
Phillips, Walterman & Phillips, Miami, for respondent.
SEBRING, Justice.
The respondents in this case filed their common law action in the Circuit Court of Dade County, Florida, to recover of and from the plaintiff the sum of $4088.50, together with interest and costs. To the declaration the petitioner filed a plea alleging that the amount involved in the action did not exceed the sum of $5000, exclusive of interest and costs, and hence that the Circuit Court had no jurisdiction over the claim. A motion to strike this and other pleas of the petitioner were filed by the respondents and upon a hearing the judge of the Circuit Court of his own motion announced that he would transfer the cause to the Civil Court of Record of Dade County. Thereafter, an order was duly entered by the Circuit Judge transferring the cause to the Civil Court of Record of Dade County for further proceedings and trial.
Subsequent to the entry of the order the petitioner filed his petition in this court praying for the issuance of a common law writ of certiorari to review and quash the order of the judge of the Circuit Court of Dade County transferring the cause to the Civil Court of Record and that the cause be reinstated upon the common law docket and records of the Circuit Court of Dade County for further proceedings in accordance with law. The only question presented for adjudication is whether the Circuit Court of Dade County had power and authority to transfer to the Civil Court of Record of Dade County a common law action instituted in said Circuit Court, when it appeared that the amount involved in the suit did not exceed the sum of $5000, exclusive of interest and costs.
The jurisdiction of courts in this state is regulated by the Constitution or by statutes duly enacted pursuant to the Constitution. Section 11 of Article V of the Constitution of Florida, F.S.A., fixes the jurisdiction of the Circuit Courts of the State, including the Circuit Court of Dade County, by giving them "exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide."
In Dade County, Florida, an inferior court, the Civil Court of Record of Dade County, is given original jurisdiction "of all cases at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of five thousand dollars" and hence in that county the Circuit Court is divested of original jurisdiction in "all cases at law" except those in which the minimum amount claimed, exclusive of interest and costs, is greater than the maximum amount of which the Civil Court of Record of Dade County has jurisdiction.
The "matter in controversy" in the "case at law" transferred by the Circuit *855 Court of Dade County to the Civil Court of Record of Dade County was one over which the Circuit Court was entirely without jurisdiction, because of the fact that the amount claimed was not sufficient to vest the Circuit Court with original jurisdiction. So far as we are advised, there is no constitutional provision or statute vesting the Circuit Court of Dade County with power to transfer to an inferior court for further proceedings a case at law improperly instituted in said Circuit Court but over which it has no jurisdiction because the amount actually demanded or involved is less than the necessary jurisdictional amount. In the absence of some such authority the only lawful order which could have been entered by the trial judge was an order of dismissal. As pointed out in Seaboard Air Line Railway Company v. Ray, 52 Fla. 634, 42 So. 714, 716, involving a question similar to the one before us for determination, "A court having apparent jurisdiction of an action as begun may dismiss it afterwards, if it appears that the amount actually demanded or involved is less than the necessary jurisdictional amount, and that the amount demanded in the declaration or complaint which gave apparent jurisdiction could not have been claimed in good faith. But, where the amount demanded on the face of the record is in excess of the amount of which the court has jurisdiction, no jurisdiction attaches, and the only proper order is a dismissal." See also Sumner Lumber Company v. Mills, 64 Fla. 513, 60 So. 757.
Inasmuch as judicial power to enter an order or judgment extends only to subjects over which the Court or judge has jurisdiction, and a final order or judgment entered in a judicial proceeding as to a subject not within the judicial power of the court or judge is a nullity, Seaboard Air Line Railway v. Maxey, 64 Fla. 487, 60 So. 353, it is plain that certiorari will lie to review such an order or judgment where no direct method of appeal is provided by law; for by the entry of such an order or judgment the court or judge has acted in excess of jurisdiction and has failed to proceed in accordance with the essential requirements of law. First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618; Rifas v. Gross, 106 Fla. 708, 143 So. 600; Brundage v. O'Berry, 101 Fla. 320, 134 So. 520; Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am.St.Rep. 214.
It follows from the conclusions we have reached that certiorari should be and is hereby awarded and that the order entered by the judge of the Circuit Court of Dade County transferring the cause to the Civil Court of Record of Dade County for trial should be quashed and that the cause should be reinstated upon the common law docket and records of the Circuit Court of Dade County for the entry of a proper order dismissing the cause for lack of jurisdiction.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.