SEBRING, Justice.
The petitioner sued the respondent in the Civil Court of Record .of Dade County, Florida, to recover damages for the alleged conversion of certain personal property belonging to the petitioner. The complaint alleged that the respondent operated a hotel known as the Casa Blanca Hotel; that while the petitioner was a guest of the hotel an employee of the hotel parked petitioner’s automobile in the garage of said hotel; and that during the period the car was under the care, custody and control of the hotel certain articles of personal property were converted therefrom, whereby the petitioner suffered damages.
The respondent was served with process but failed to file an answer or other defensive pleading, and consequently a default judgment was entered against it. Thereafter, on June 27, 1952, the petitioner secured a verdict and final judgment against the respondent. Three weeks later the respondent filed a motion to vacate the default judgment; tendering with the motion an answer in which it was averred that prior to the time of the alleged conversion of the property the corporation had leased the hotel to a third person, who since that time had operated, managed and controlled the same; and hence that if a conversion of the petitioner’s property had occurred after the hotel had been taken over by the lessee, the latter was responsible for such conversion and not the respondent.
On August 14, 1952, the judge of the Civil Court of Record entered an order denying the motion to vacate the default and final judgment. Thereafter, on August 29, 1952, the respondent entered an appeal to the Circuit Court of Dade County “to review the order denying motion to vacate default judgment.” Subsequently the petitioner moved to dismiss the appeal in the circuit court on the ground that the appeal was not from a final judgment but from an interlocutory order entered after the time for taking an appeal from the final judgment had expired, and hence that the order was not appealable. The motion to dismiss was denied by the circuit court, and the parties were ordered to go forward with the appeal.
The petitioner thereupon instituted this present certiorari proceeding for the purpose of reviewing the order denying the motion to dismiss the appeal.’' The matter is now before the court on the petitioner’s petition for certiorari, and’ on a motion filed by the respondent to dismiss the petition on the ground that the order sought to be reviewed is not a final determination of the cause before the Circuit Court and consequently is not reviewable by certiorari.
In order to determine whether cer-tiorari will lie in this court, the first issue we must consider is whether the order entered by the judge of’ the civil court of record more than one calendar month after the rendition of the final judgment in the cause was an appealable order. If it was not, then the circuit court was without jurisdiction to entertain the appeal and this court ought to entertain the certiorari proceeding and quash the order denying the motion to dismiss, on the ground that in refusing to dismiss the appeal the circuit court had departed from the essential requirements of the law.
State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, was a case wherein the plaintiffs, Raymond and wife, sued the defendant bank and its receiver in an action at law. Upon praecipe filed by the plaintiffs *316 a default judgment was entered against the defendants for failure to plead to the declaration. Less than 20 days after the order was entered, a motion to vacate the default was filed by the defendants. This motion was denied and on February 12, 1929, a final judgment was rendered by the court in favor of the plaintiffs. On May 6, 1929, the defendants filed another motion to vacate and on May 13, 1929, the motion was denied. On June 8, 1929, more than 90 days after the entry of the final judgment, the defendants sued out their writ of error for the purpose of testing the legality of the orders denying the motions to vacate the, judgment. This court took jurisdiction of the controversy, even though the writ of error was sued out on a day beyond the 90-day period allowed for taking an appeal from the final judgment, and reversed the trial court’s order refusing to vacate the default.
Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11, was a common law action that also involved the entry of an order that denied a motion to vacate a default and final judgment. The motion to vacate was filed within 20 days after the entry of the final judgment, and the order denying the motion to vacate was rendered on the same day. Thereafter, within the 90-day period allowed for the taking of appeals, the defendants sued out a writ of error from the order “denying the motion of the defendants to set aside and vacate the final judgment * * * rendered in favor of the plaintiffs * * *In disposing of the appeal this Court stated, “Although the setting aside of defaults is a matter of discretion the action of the trial court is subject to appellate review and to reversal if there is gross abuse.” (Italics supplied.)
These two cases firmly establish the rule that an order entered by a trial court denying a motion to vacate a default judgment is subject to appeal, provided the motion to vacate is filed within “sixty days from the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during 'such term”, section 50.10, Florida Statutes 1951, F.S.A., and provided, further, that the appeal is. taken from the order of denial within the time provided by law' for taking appeals from final judgments.
Section 33.11, Florida Statutes 1951, F. S.A., governs appeals from the Civil Court of Record of Dade County to the Circuit Cpurt of Dade County. It provides that that circuit court “shall have appellate jurisdiction to review judgments or orders of such civil court of record in the same manner and with like powers as the supreme court shall have jurisdiction to review in like actions the judgments and orders of such circuit court; provided, however, that no matters so appealed shall be had later than one calendar month after the entry of (a) the judgment appealed, or (b) order granting or denying motion for new trial.”
It is plain from the record that the defendant in the civil court of record proceeding filed its motion to vacate the final judgment within the time provided by section 50.10, Florida Statutes 1951, F.S.A., for filing such motions, and took its appeal within one calendar month from the entry of the order on the motion. In its motion to vacate it averred 'that the motion was filed as soon as the defendant had knowledge that a default and final judgment had been entered against it, and that it had a valid and complete defense to the claim that had been asserted by the plaintiff. Accompanying the motion was an answer in which the alleged defense was incorporated. When the judge of the civil court of record finally ruled on the motion the time for taking an appeal from the final judgment had expired. Prior to that time no issue could have been raised in the appellate court as to any supposed right of the respondent to a vacation of the judgment, for' until the order of denial was entered there was nothing from which an appeal could have been taken to test the propriety of such a refusal. Manifestly, the issue could not have been raised by an appeal from the final judgment on the merits, because the verdict and final judgment entered upon the default were valid and correct .on their face with nothing in the record supporting them to suggest that the respondent had any right to have the judgment set aside for the purpose of interposing *317 a defense to the action. Consequently, had the respondent appealed from the final judgment on the merits there would have been no foundation for any assignment of error based upon the contention that the trial court abused a judicial discretion by refusing to vacate the- judgment and to allow the filing of an answer to the merits. Moreover, had such an appeal been attempted prior to the determination of the motion to vacate the default, the effect of such an appeal would have been to oust the trial court of its jurisdiction to pass upon the sufficiency of the pending motion, at least until the appeal in the circuit court had been determined; and the appeal on the merits could have led, legally, to nothing but an affirmance of the judgment on the merits in the light of the record that would properly have been before the appellate court. See Thursby v. Stewart, 103 Fla. 990, 138 So. 742; McJunkins v. Stevens, 88 Fla. 559, 102 So. 756.
We hold, therefore, upon authority of the cases heretofore cited in this opinion, that the appeal from the order refusing to vacate the default and final judgment was taken in time and that the order sought to be reviewed is an appealable order.
The final question for decision is whether a writ of certiorari will lie to review an order denying a motion to dismiss an appeal pending in a circuit court of this state pursuant to section 33.11, Florida Statute's 1951, F.S.A. As we have heretofore indicated, the order which the petitioner seeks to review was an order denying a motion to dismiss the appeal in the circuit court. This order was not a final judgment as it did not finally determine the cause. It was merely a step in the appellate cause by which the circuit court' sitting as a court of appeals was attempting to get at the main issue.
What the ultimate judgment should be in respect to whether the trial court should have opened up the default is not for us to say, at this stage of the pleadings, but is a matter for the circuit court to determine. We are clear, however, that unless and until the circuit -court enters an order or judgment that has the effect of determining the cause finally, a cer-tiorari proceeding in this court is not open to the petitioner. See Davis v. First National Bank of Miami, 153 Fla. 864, 16 So.2d 46; Perlman v. Ryden, 131 Fla. 66, 178 So. 911.
Accordingly, the motion to dismiss the certiorari proceeding should be granted.
It is so ordered.
TERRELL, Acting Chief Justice, and ROBERTS and MATHEWS, JJ., -concur.