MOORE, JOHN H. II, Associate Judge.
This petition for certiorari seeks review of a decision of the Circuit Court acting in its appellate capacity. In that capacity the Court affirmed a summary judgment in favor of the appellee (lessor) and ordered the appellant (lessee) to vacate the leased premises.
In affirming the trial judge, the Circuit Court, sua sponte, applied §§ 796.01 and 796.02 (Fla.Stat.1977) although the record does not appear to reflect that either party raised these statutes in their pleadings. The County Court’s judgment was founded upon a breach of the lease. The record supports this judgment; particularly, evidence was presented which established that the lessee breached the third paragraph of the lease which provides:
“The tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the federal, state and city governments, and of any and all their departments and bureaus applicable to said premises, for the correction, prevention and abatement of nuisances or other *454 grievances in, upon or connected with said premises during said terms .
We therefore find it unnecessary to reach the issue relied upon by the Circuit Court.
We hasten to add that although the Circuit Court may have erred, that does not necessarily mean that it exceeded its jurisdiction or that it departed from the essential requirements of law. Grandin Lake Shore Assoc., Inc. v. Underwood, 351 So.2d 1131 (Fla. 1st DCA 1977); see also, City of Jacksonville Beach v. Waybright, 130 Fla. 525, 178 So. 401 (1938). Nor may common law certiorari be employed to obtain a second appeal. Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979).
Finding competent evidence in the record to support the Circuit Court’s affirmance, even though it may be based upon an incorrect legal principle, the petition for certio-rari is denied.
CERTIORARI DENIED.
ANSTEAD, HARRY LEE, Associate Judge, concurs.
DAUKSCH, J., dissents with opinion.